## RHODES *v.* DE BOW.

The basis of a writ of error from a judgment of a justice of the peace,
    is the affidavit of the party complaining, setting forth the errors com-
    plained of.

The writ of error itself, is only intended to be the means of enforcing a
    return by the justice.

Where the proceedings before the justice, with all the original papers in
    the cause, have been certified to  the district court, as though upon a
    return to a writ of error actually issued, the fact that the clerk of the
    district court had failed to issue the writ, is not a sufficient reason for
    dismissing the cause.

Rhodes v. De Bow.

The issuing of a writ, is a mere clerical duty, imposed upon a ministerial officer; and when it is not the basis of the action, and not necessary in order to give the court jurisdiction, if issued somewhat out of time; the court may well consider it regular, where it is issued lawfully, and upon proper authority and basis.

The term "judgment by default," in section 2296 of the Code, was intended to be understood in its strictly technical sense, as a judgment for want of an appearance, in contradistinction, as well to a judgment for want of a plea, as to a judgment upon the consideration of the court, or upon the verdict of a jury.

A motion in arrest of a judgment, for want of a plea, or a judgment upon the consideration of the court, or the verdict of a jury, cannot be entertained by a justice of the peace.

Where in an action before a justice of the peace, the parties appeared on the day set for the trial, and the defendant demanded a jury, which was empannelled and sworn; and where, after the witnesses for the plaintiff had been sworn, the plaintiff moved the justice to render judgment against the defendant, for the amount claimed by him, for want of an answer or denial of the plaintiff's claim, which motion was sustained, and a judgment rendered against the defendant; and where the defendant, four days after the rendition of said judgment, made oath that he had orally denied the plaintiff's claim on the trial, and that the justice had failed to enter the denial in his docket, on which affidavit, the justice set aside the judgment rendered by him, and appointed another day for the trial; *Held*, That the judgment rendered by the justice, was not a judgment by default, and that the justice had no power to set it aside.

*Appeal from the Boone District Court.*

MONDAY, DECEMBER 7.

The plaintiff sued the defendant before a justice of the peace, for killing his dog, claimed to be of the value of fifty dollars. On the day of trial, the parties appeared before the justice of the peace, and the defendant demanded a jury, which was summoned and sworn. The witnesses for the plaintiff were sworn, when plaintiff moved the justice to render judgment against the defendant, for the full amount claimed by him, for want of an answer or denial of the plaintiff's claim. This motion was sustained, and judgment rendered against the defendant for fifty dollars, the alleged value of the dog, with costs of suit. Four days after the rendition of judgment, the defendant came before

the justice, and made oath that he had orally denied the plaintiff's claim on the trial, and that the justice had failed to enter the said denial on the docket. On this affidavit, without notice to the plaintiff, the justice set aside the judgment rendered by him, appointed another day for the trial, and notified the plaintiff thereof. On the day appointed for a rehearing, the plaintiff appeared, and moved the justice to dismiss the application for a rehearing, and to reaffirm the former judgment. The justice overruled the motion. The plaintiff then filed his affidavit with the clerk of the district court, for a writ of error, to remove the proceedings of the justice into the district court for correction, alleging that the justice had erred:

1. In setting aside the judgment originally entered by him, which it is averred was not a judgment by default.

2. In overruling plaintiff's motion to dismiss the defendant's application for a new trial.

A notice was served on the justice, that the plaintiff had sued out from the District Court a writ of error, to remove the proceedings into said District Court, and requiring him to certify said proceedings, with all the original papers in the suit, to the next term of said court. Notice was also served on the defendant, and a *supersedeas* bond filed, as required, for a stay of proceedings. The justice accordingly certified the record and proceedings to the District Court; but it does not appear that a copy of the affidavit was served upon him, or that any writ of error was issued until long afterwards, and not until the defendant had moved the court to dismiss the proceedings for want of such a writ.

The defendant appeared in the District Court, and moved the court to strike the papers in the suit from the files, because:

1. The clerk of the District Court had issued no writ of error.

2. No writ of error, or copy of the affidavit, had been served on the justice.

The court refused to sustain the motion, and decided,

Rhodes v. De Bow.

that the justice erred in setting aside the judgment and ordering a new trial; and remanded the cause to the justice, with directions to proceed to collect the original judgment rendered by him against the defendant. From this judgment, the defendant now appeals, and assigns for error:

1. That the District Court refused to strike the cause from the docket on the defendant's motion, and heard and decided the same, without a writ of error.

2. That the court decided that the proceedings of the justice, in setting aside the judgment rendered by him, and awarding a new trial, were erroneous.

*Knapp, Caldwell & Wright*, for the appellant.

*J. M. Ellwood*, for the appellee.

STOCKTON, J.—The record shows that the plaintiff took all the steps required by law to be taken by him, for obtaining a writ of error, in due time. The requisite affidavit, showing the error complained of in the proceedings of the justice, was filed with the clerk. A notice of the suing out of the writ, was served on the defendant; and a like notice, with a copy of the plaintiff's affidavit, was served on the justice, and he was required to certify the proceeding before him, and transmit the same, with the original papers in the cause, to the District Court. These papers, with the return of the justice, were, in due time, filed with the clerk, and the cause was by him, placed on the docket for trial. On the second day of the term, the defendant moved the court, to strike the cause from the docket, and dismiss the proceedings, because no writ of error had been issued by the clerk. Before the motion was heard and decided, a writ was issued, as shown by the record, but it does not appear to have been served, or returned, by the officer.

It was not a sufficient reason for dismissing the cause, that the clerk had failed to issue the writ of error. The proceedings before the justice, as shown by his transcript, with all the original papers in the cause, had been certified

to the District Court, as though upon a return to a writ actually issued. The writ itself, is intended only to be the means of enforcing a return by the justice. The basis of the proceeding, is the affidavit of the plaintiff, setting forth the errors complained of. Code, section 2350. As the law had, in every other respect, been complied with, the mere failure of the clerk to issue the writ, should not prejudice the plaintiff's case, especially where every purpose of the law has been answered, by the notice to the party, and to the justice, and by the actual issue of the writ, before the decision of the cause. The issuing of the writ was a mere clerical duty, imposed upon a ministerial officer; and where it is not the basis of the action, and not necessary in order to give the court jurisdiction, if issued somewhat out of time, the court may well consider it regular, where it is issued lawfully, and upon proper authority and basis. Courts proceed upon this principle, in supplying immaterial omissions in their proceedings, and in the acts of their officers; and will order an act, inadvertently omitted at the proper time, when performed, to stand as done *nunc pro tunc*. The writ, in this case, when issued, had a legal and proper basis. All that was necessary to be done, was for the justice to make his return to the writ, instead of to the notice served on him. We do not see how the court could have properly dismissed the proceedings, on the motion of defendant, after the writ had been issued.

Upon the second assignment of error, we inquire whether the justice erred, in setting aside the judgment rendered by him, and ordering a new trial. Judgment by default, rendered by a justice of the peace, may be set aside by him, at any time during six days after its rendition, upon satisfactory excuse shown for the default. Code, section 2296. The question, whether the original judgment was authorized, is not, at present, before us, for consideration. We have only to inquire whether, after having rendered the judgment, the justice had any power to set it aside.

In the technical sense, a judgment by default is when a party fails to answer, and stands out against the process of the court. Judgment, in such case, is rendered against him, by default, for want of an appearance. If, after appearance, he neither pleads nor demurs ; or if, after pleading, he fails to maintain his pleading till issue joined, by rejoinder, rebutter, &c., as may be requisite, judgment is given against him, for want of a plea, which is called judgment by *nil dicit.* Stephen on Pleading, 142.

The term "judgment by default," in our statute, (section 2296,) was, perhaps, intended to be understood in its strictly technical sense, as a judgment for want of an appearance, in contradistinction as well to a judgment for want of a plea, as to a judgment upon the consideration of the court, or upon the verdict of a jury. A motion in arrest of such judgment, or to set aside the verdict of a jury, cannot be entertained by a justice. Code, section 2304.

In the present case, the judgment of the justice cannot be said to have been a judgment by default, in its strictly legal and technical sense ; nor is there anything in the record from which we are authorized to infer, that it was a judgment by *nil dicit,* for want of a plea. The plaintiff made a motion to the justice for judgment for the full amount of his claim, on the ground that there was no denial of his account, or pleading filed by the defendant. It does not appear that this motion was sustained. The justice enters on his docket, that "a judgment was rendered against defendant, for fifty dollars and costs of suit." There is nothing to show that this judgment was not rendered upon full proof of the plaintiff's claim. We cannot undertake to say it was a judgment by *nil dicit,* upon plaintiff's motion, for want of an answer to, or denial of, his pleading. The defendant had appeared in person, and by attorney ; had demanded a jury, which was empannelled and sworn. If he makes no denial or defence to the action ; and if he stands silent, when judgment is asked for against him, for want of an answer, we do not understand that it is such a judgment by default, as may be set

aside by a justice. His remedy, in such case, is by appeal or writ of error.

Judgment affirmed.