## DUPONT *v.* DOWNING.

A justice of the peace possesses no power to set aside the verdict of a jury in a criminal case.

Nor has a justice of the peace any authority to try the prisoner himself, after the defendant has demanded a trial by jury, and render a judgment against him for a fine and costs.

In an action against a justice of the peace for wrongfully issuing an execution, a copy of the execution issued by him, with a copy of the constable's return indorsed thereon, certified by the defendant to be a true copy, may be offered in evidence by the plaintiff, without producing the original execution, or accounting for its absence.

In an action against a justice of the peace for wrongfully issuing an execution, when one of the issues to be determined is, whether the defendant issued the execution without lawful authority, the docket of the defendant as a justice of the peace may be offered in evidence by the plaintiff, for the purpose of showing, negatively, that no judgment had been rendered against the plaintiff, by the defendant, as justice of the peace.

A judgment in favor of the State of Iowa, will not authorize an execution in favor of an individual.

A plaintiff, by merely charging the defendant with having wrongfully issued an execution, cannot cast upon him the burden of producing the judgment to support it. The plaintiff must first make out a *prima facie* case against the defendant, before he can call upon the latter to disprove the charge against him.

Where in an action against a justice of the peace for wrongfully issuing an execution, his docket is offered in evidence by the plaintiff, and that fails to show a judgment which would authorize the issuing of the execution against the plaintiff, the burden of proof is changed, and the defendant is required to produce the judgment, if any had been rendered.

Where in an action against a justice of the peace, for wrongfully issuing an execution, the answer alleged that the execution was issued under the following state of facts: That the defendant was an acting justice of the peace for Johnson county; that the plaintiff was charged before him, on the information of one T. B., with an assault and battery, and being arrested and brought before defendant for trial, such further proceedings were had, that a judgment was rendered against him, in the name of the State of Iowa, for five dollars and costs of suit; that in issuing execution on said judgment, the defendant, by mistake, inserted the name of said T. B., as plaintiff, instead of the State of Iowa; that the plaintiff at the time, well knew the fact of said mistake, and fraudulently concealed the same, and procured his said property to be levied upon by the constable, and sold on said execution; that the proceeds of the sale have been applied in satisfaction of the judgment aforesaid; and that this, and none other, is the grievance complained of; to which answer was appended a transcript from the docket of defendant, as justice of the peace, showing all the proceedings had before him on the trial of the information against plaintiff, for the assault and battery on T. B., from which transcript it appeared that the plaintiff pleaded not guilty, and demanded a jury, ; that the jury heard the evidence, and returned a verdict of not guilty; that the defendant, as justice, set the verdict aside; that he then rendered

judgment against plaintiff for a fine of five dollars and costs; and this is the judgment on which the execution complained of, issued; and where the answer was demurred to, and the demurrer sustained by the court: *Held*, That the demurrer was properly sustained.

*Appeal from the Johnson District Court.*

SATURDAY, JUNE 12.

This suit is brought to recover damages for the injury sustained by the plaintiff, from the alleged wrongful act of defendant as justice of the peace, in issuing an execution against the plaintiff, in favor of Thomas Bryan, for the sum of five dollars, and costs, taxed at $27.95, whereby property of the value of $100, was taken by the constable, and sold to satisfy said execution; whereas, in fact, as alleged by plaintiff, no judgment against him had at any time been recovered before said defendant at the suit of said Bryan, and defendant had no legal right, power or authority to issue such execution.

The answer of defendant, to which a demurrer was filed, avers that the execution was issued under the following state of facts : That defendant was an acting justice of the peace for Johnson county, and that the plaintiff was charged before him, on the information of one Thomas Bryan, with an assault and battery upon said Bryan, and being arrested and brought before defendant for trial, such further proceedings were had, that a judgment was rendered against him in the name of the State of Iowa, as plaintiff, for five dollars, and costs of suit; that in issuing execution on said judgment, defendant, by mistake, inserted the name of said Bryan as plaintiff, instead of the State of Iowa; that the plaintiff, at the time, well knew the fact of said mistake, and fraudulently concealed the same, and procured his said property to be levied on by the constable, and sold on said execution; that the proceeds of the sale have been applied in satisfaction and payment of the fine and

judgment aforesaid; and that this and none other is the grievance complained of by the plaintiff. Attached to this answer, and made part of the same, is a transcript from the docket of defendant, as justice of the peace, showing all the proceedings had before him on the trial of the information against plaintiff, for the assault and battery upon Bryan. By this transcript, it is shown that when brought before defendant, he pleaded "not guilty," and demanded a jury to try the issue; that the jury being sworn and impannelled, and having heard the evidence, returned a verdict of "not guilty;" that defendant as justice set aside the verdict, and rendered a judgment against the prisoner, (the present plaintiff), for a fine of five dollars, and the costs of suit; and that this is the judgment on which the execution complained of was issued. Judgment was rendered for the plaintiff, and the defendant appeals. The other material facts, and the errors assigned, will sufficiently appear, from the opinion of the court.

*J. D. Templin & Co.*, for the appellant.

*Clarke & Henley*, for the appellee.

STOCKTON, J.—I. A demurrer to this part of the answer, was properly sustained. To give no other reason, the judgment rendered by the justice, and the execution issued by him, were void. He had no power to set aside the verdict of the jury. Code, section 2304. He had no authority to try the prisoner, after he had demanded a trial by jury. Ib. sections 3333. He had no right to render a judgment against him for the fine and costs, until he had been found guilty by a jury, in the mode prescribed by law.

II. It is, in the second place, assigned for error by defendant, that the court permitted the plaintiff to give in evidence, a copy of the execution issued by defendant against the plaintiff, with the copy of the constable's return

thereon, without first requiring the original execution to be produced, or its absence accounted for. A judicial record may be proved by the production of the original, or by a copy thereof, certified by the person having the legal custody thereof, authenticated by his seal of office, if he has one. Code, section 2437; 1 Starkie's Evidence, 211. In this instance, the copy of the execution offered in evidence, was certfied by the defendant, as justice of the peace, to be a true copy of the original. The defendant was the person having the legal custody of the execution, and his certificate endorsed on the copy, authorized the plaintiff to give it in evidence. The return of the constable, indorsed on the execution, a copy of which was also given in evidence to the jury, was as follows: "Served, July 14, 1856, by levying on one gray mare, supposed to be three years old: the same advertized the 21st of July, and sold on the 4th of August, 1856, for the sum of $70.00. Returned, satisfied in full, August 20th, 1856.                     JAMES COTTERELL, *Const.*"

This return of the constable, was made by him on the execution, and the execution itself returned to the defendant, the justice who issued it, before he went out of office. The copy offered in evidence, is certified by the justice to be a true copy of the original execution. The certificate does not expressly refer to the constable's return, but is fairly to be understood as embracing it, as part of the execution, the copy of which, with the return, was given in evidence. The objection understood to be made by the defendant is, not that the return of the constable offered in evidence, was not a true copy of the original, but that being a copy, it was not the best evidence, and that the plaintiff should have been required to produce the original, or account for its absence. Of his right to give a certified copy in evidence, we have no doubt. Whether it was sufficiently shown to be a true copy of the original, has been the only question with us concerning it. What it sufficiently proved, when given in evidence, does not seem to have been made a subject of inquiry.

III. · The defendant, in the third place, objects that the court erred in permitting the plaintiff to introduce the docket of the defendant, as justice of the peace, and to read therefrom in evidence to the jury, the entries made by him of the proceedings had before him in the case of the *State of Iowa* against *Henry F. Dupont*, the plaintiff. It is objected that the evidence furnished by the justice's docket, did not tend to prove the issue joined between the parties, and was consequently irrelevant. One of the issues to be determined was, whether defendant issued the execution, without lawful authority. The evidence furnished by the docket did not perhaps show affirmatively that such execution had been illegally issued; but it was proper to be given in evidence, for the purpose of showing negatively, as claimed by plaintiff, that no judgment had been rendered by defendant as justice of the peace against the plaintiff, at the suit of Thomas Bryan. A judgment in favor of the State of Iowa, did not authorize an execution in favor of Bryan. If the docket furnished any evidence of a valid judgment, to authorize the execution, it was for the advantage of defendant that it should be introduced; if it did not, it was quite as much a part of the plaintiff's case, to introduce it, to show that there was no such judgment.

IV. We come next to the instructions given and refused by the court. At the request of the plaintiff, the jury were charged, that, " when a justice of the peace is charged with unlawfully issuing an execution, the burden of proof is on the justice to produce the judgment to support the execution." The defendant asked the court to instruct the jury, that "the plaintiff must show there was no judgment to authorize the execution, or they must find for the defendant, and that the judgment produced on the trial, does not prove that there was no such judgment, as set forth in the petition." The instruction asked by defendant, the court refused to give.

In one point of view, there may be said to have been

error in the giving of the instruction asked by plaintiff, and in refusing that asked by defendant. The plaintiff, by merely charging defendant with having unlawfully issued the execution, cannot cast upon him the burden of producing the judgment to support it. Having alleged that defendant issued the execution without lawful authority, he must first make out, at least, a *prima facie* case against him. He cannot first call upon defendant to disprove the charge made against him. Viewing it in this light, the instruction given was erroneous. It must, however, be taken in connexion with the fact appearing by the record, that the docket of the defendant as justice of the peace, had been given in evidence to the jury. This docket it was in the power of plaintiff to notify the defendant to produce, that the fact might be determined from it, whether any judgment had been rendered to authorize the execution. It was only when produced and given in evidence, that the burden of proof was changed to defendant, and he was required to show the judgment, if any had been rendered. This was all the evidence necessary to exculpate the defendant from all liability. If his docket failed to show it, the conclusion was a necessary one, that the execution issued without authority, as alleged by plaintiff.

So the instruction asked by defendant, and refused by the court, may in a certain sense have been correct; but after the introduction of the docket, and of the judgment against plaintiff in the name of the State, although these facts alone did not prove that there was no judgment to authorize the execution, yet, when introduced, the burden of proof was changed to defendant, and if there was any such judgment, or if he claimed there was any such judgment, it was his duty to produce it.

The court was further asked to charge the jury, that "if they believed that the execution was issued on the judgment given in evidence, they must find for the defendant." This instruction was properly refused. The judgment against the plaintiff was in the name of the

State: the execution was in the name of Thomas Bryan. The jury could not well have believed that the execution issued on the judgment. If they were likely to be induced to believe so, it was the duty of the court to inform them that the judgment did not authorize the issuing of any such execution upon it, and if it was issued upon it, it was so issued without authority.

Judgment affirmed.