## DOUGLASS v. LANGDON & BRO.

**Default :** JUSTICE OF THE PEACE. A defendant in an action before a justice of the peace, who has appeared and answered, but fails to make a further appearance on the day to which the cause is continued, cannot be said to be in default within the meaning of section 3886 of the Revision, and the justice has no power to open the judgment rendered against him on the testimony of the plaintiff, and order a rehearing of the cause.

*Appeal from Pottawottamie Circuit Court.*

TUESDAY, JULY 26.

PLAINTIFF brought his action before a justice of the peace, claiming $50 for one month's services as clerk for defendants, in their business as grocers. On the return day of the notice (June 3, 1869), defendants appeared and filed their answer in denial, averring settlement and payment, and that plaintiff was employed and undertook to work for his board, and the cause, by consent, was continued until June 17, 1869. At this last date plaintiff appeared, defendant not appearing; plaintiff's testimony was heard and judgment rendered in his favor. Two days thereafter defendants moved to set aside this judgment as one by default; this motion was sustained (plaintiff having no notice, until after it was made, of said order); the judgment set aside, and the 25th of that month fixed for a rehearing. Plaintiff thereupon applied for and obtained a " writ of error " from the circuit court, where, upon the return showing the above facts, all the proceedings of the justice, subsequent to the judgment of June 17, were set aside, and defendants appeal.

*E. R. Paige* for the appellants.

*Sapp, Lyman & Hanna* for the apellees.

WRIGHT, J.—The Revision provides (§ 3886) that judgment of nonsuit, or by default, may be set aside by the justice, at any time within six days after being rendered, if the party applying therefor can show a satisfactory excuse for his default. And in this case it is agreed that the only question is, whether defendants were *in default* within the meaning of this section, and hence whether the circuit court did or did not err in setting aside the order of the justice opening up the alleged default. For it is agreed, that he has no power to order a retrial of the cause, except in cases of nonsuit and default. Were the defendants then in default? If not, this judgment must stand affirmed; if they were, it must be reversed.

It cannot be claimed that defendants were, in a technical sense, in default before the justice. They had appeared and answered. And, aside from statute, there could be no pretense that they were, in any legal sense, in default. Nor is there any thing in any provision of our law under which this could be styled such a judgment. By refering to section 3148 of the Revision (which relates to proceedings in the district court, but which for the purposes of the present inquiry may be conceded to be applicable to justices' courts), it will be seen, that defendant's case does not fall within either of the definitions of a default therein given. For they did plead, their answer was neither struck out nor held insufficient, nor did they withdraw the same. In all such cases it will be observed that the party in default (for in this section the term applies to plaintiff as well as defendant), is without *any pleading*, and he is treated as though technically in default for want of any appearance, or as this term is understood under the practice at common law. Here there was, as already suggested, an appearance and answer. This answer remained on file, and was

entirely sufficient, if sustained by evidence, to defeat plaintiff's recovery.

Aside from this section, we are not aware of any provision under which it could be claimed that defendants were in default. On the contrary, the sections immediately preceding (§§ 3881–3885) clearly show that by *default* is meant those cases where the defendant *does not appear*. And this is the clear holding of *Rhodes* v. *De Bow*, 5 Iowa, 260; and see, too, that class of cases which hold that it is error to take a default against a defendant, an answer or pleading being on file. *Levi* v. *Monroe*, 11 id. 453; *Key* v. *Hayden*, 13 id. 602; *Wolff* v. *Hagensick*, 10 id. 590; also § 3893 Rev., and construction thereof in *Dupont* v. *Downing*, 6 id. 172.

Affirmed.