## HUNT v. THE FARMERS' INSURANCE COMPANY.

**Justice's Court:** TAKING CASE FROM JURY. A justice of the peace has no power to take a case from a jury and dismiss it on the ground that the evidence shows that there is no cause of action. (See cases cited in opinion).

*Appeal from Humboldt District Court.*—HON. GEORGE H. CARR, Judge.

FILED, MARCH 12, 1888.

THE plaintiff brought an action against the defendant before a justice of the peace on a policy of insurance. There was a trial by jury, verdict for plaintiff, and judgment rendered thereon. The defendant removed the case to the district court by a writ of error. The court dismissed the plaintiff's action, and rendered judgment against him for costs, and the plaintiff appeals.

*J. C. Raymond*, for appellant.

*Clark & Taft*, for appellee.

SEEVERS, C. J.—The amount in controversy being less than one hundred dollars, we are required to answer the following question propounded by the district court : "In an action before a justice of the peace, brought upon a policy of insurance, there being a clause in said policy that no action can be maintained thereon unless brought within six months from the time of said loss, after the evidence is all introduced by the parties before a jury, and it appearing therefrom that more than six months had elapsed from the time of said loss to the commencement of said action, has a justice a right to take the case from the jury and dismiss plaintiff's action ?" It has been held that a justice of the peace has no power to instruct a jury, and that he possesses only such powers as are conferred by statute. *St. Joseph Manf. Co. v. Harrington*, 53 Iowa, 380. A justice has the power to set aside a default, or the dismissal of a cause. Code, sec. 3543. But he cannot arrest a judgment or set aside the verdict of a jury. Code, sec. 3550 ; *Rhodes v. De Bow*, 5 Iowa, 260 ; *Dupont v. Downing*, 6 Iowa, 172. The question implies that evidence was introduced before the jury showing that more than six months had elapsed after the loss before the action was commenced, and we are asked whether, in such case, the justice has the power to take the case from the jury and dismiss the action. We are clearly of the opinion that he cannot, for the reason that no such power is conferred by statute. We cannot imagine a case in which a justice would have such power. When a jury is called before a justice in a case, and duly impaneled, the justice cannot take the case from the jury, his only power being to discharge the jury if they fail to agree. The foregoing question must be answered in the negative, and the judffment of the district court

REVERSED.