CONNER v. DISTRICT TOWNSHIP OF LUDLOW.

1. **Practice:** WAIVER. The objection to a ruling upon demurrer is waived by pleading over.

2. **Evidence:** INTRODUCTION OF COPIES. If a writing is under the *control* of the party notified and required to produce it, though not in his immediate possession, it is sufficient ground for the admission of a copy.

3. **Schools:** CONTRACTS: APPROVAL OF. In an action by a teacher against a school-district on a contract of employment entered into with the sub-director, it is no defense that the contract was not approved by, nor filed with, the president of the board of directors.

4. —— The board of directors in the present case directed that teachers be allowed $20 per month for teaching in summer, and $28 in winter. The sub-director employed the plaintiff for a term of twenty-four weeks at $28 per month, commencing on the 6th day of November. *Held,* that the contract was not a violation of the restriction imposed, and that it was enforcable against the district.

*Appeal from Allamakee District Court.*

MONDAY, DECEMBER 11.

ACTION for the recovery of $24, an alleged balance due plaintiff for teaching a public school six months at $28 per month.

Answer that the contract was made on the part of the sub-director without authority, and was never approved by the board, and that, after the rejection by the board of the contract, the plaintiff agreed to teach the remaining three months for $20 per month.

Trial by the court. Judgment for plaintiff. Defendant appeals. The necessary facts are stated in the opinion.

*G. B. Edmonds* and *Morse & Brown* for the appellant.

No appearance for the appellee.

DAY, J. — I. Defendant assigns error upon the overruling of the demurrer to the petition. After the demurrer was overruled the defendant filed an answer, and thus waived the right to have a review of the propriety of such ruling.

1. PRACTICE: waiver.

II. The contract under which the service was rendered having been admitted in evidence, it was disclosed upon cross-examination of plaintiff's witnesses that the paper offered was a *copy* of the original contract.

2. EVIDENCE: admission of copies.

Thereupon the defendant moved to strike said contract from the testimony and consideration of the jury, for the reason that it was a copy and no foundation had been laid for its admission.

The plaintiff then introduced a notice to Wm. Gilbert, president of the board of directors of the district township of Ludlow, requiring him to produce the original contract entered into between the plaintiff and S. H. Stiffin, a

director of said district township. The notice was duly served upon said Gilbert. William Gilbert was then sworn, and testified that he was president of said district township, that he had not the contract entered into with plaintiff, and never had seen it, and that it never had been under his control.

Thereupon the court overruled the defendant's objection to the proffered evidence. This ruling defendant assigns as error. It is claimed that the notice did not render the copy admissible, because Gilbert testified that the contract never had been in his possession nor under his control. It did, however, appear that when the copy was taken the contract was in possession of Stiffin, the sub-director. The president of the board was the proper custodian of the contract. Laws 9th General Assembly, chap. 172, § 52. In order to render a copy admissible it must appear that the instrument is either in the possession or under the control of the party required to produce it. The president of the board could have had no difficulty in controlling the possession of this paper in the hands of the sub-director. As regards the possession of this contract, there was such privity between the president of the board and the sub-director, as to render a notice upon the former sufficient. 1 Greenl. on Ev., § 560, and cases cited in note 5.

Further, this action is against the district township. The contract in the possession of the sub-director is under the control of the district township. It is the duty of the president of the board to appear in behalf of his district in all suits against the same. Hence the notice to produce the contract was properly served upon him, as the representative of the district.

III. Again, it is claimed that the contract should not have been admitted in evidence, because it was not 3. SCHOOLS: approved by nor filed with the president contracts: approval of. of the board. See Laws 9th General Assembly, chap. 172, § 52.

The contract was made on the 6th day of November, and plaintiff commenced her school on the same day. The contract was not signed in duplicate, and the one made remained under the control of the sub-director. It seems to us that under these circumstances it became his duty to file the contract with the president and secure his approval, and that the plaintiff, being permitted to enter upon the performance of the contract, had a right to presume that the contract was duly approved, and that the absence of such approval cannot deprive her of the right to secure the stipulated compensation for the services by her rendered.

IV. It is further urged that the contract was entered into in violation of the rules and restrictions prescribed by the board of directors. Prior to the making of the contract the board had directed that teachers be allowed $20 per month for teaching in summer, and $28 per month for teaching in winter. The plaintiff's contract was for a term of twenty-four weeks at $28 per month, commencing on the 6th day of November. This term would close about the last of April. In order to make this contract for the last three months violate the restrictions of the board, as it is claimed it does, it must be held that the school for February, March and April is a summer school.

It seems clear to us that the contract is not in violation of the restrictions imposed.

V. Lastly, it is claimed that the plaintiff agreed to teach the last three months for $20 per month. The defendant introduced as a witness one Ludlow, who testified as follows: "I am not a member of the board of directors; was appointed by the board to see plaintiff and tell her they would not pay her $28 per month; she consented to teach for $20 per month; said she would not consent to do it if she had not commenced teaching on the last term; I informed the board of this consent; this conversation took place the second day after the March meeting." From

the records introduced it appears that the March meeting occurred on the 21st day of March. Hence, the term had more than half expired at the time this promise was made. It appears also to be entirely without consideration.

The judgment of the district court must be

Affirmed.