HAWKINS v. RICE ET AL.

40  435
89  411

1. **Evidence**: PAROL: WRITTEN INSTRUMENT. The assignment in writing of a judgment cannot be established by parol, upon a showing that the instrument had been sent to the clerk for record and not returned. The assignment being constructively in the possession of the assignee, he will not be permitted to testify to its contents.

2. ———: ———: ———. Proof of the fact of ownership does not, *ipso facto*, open the way for the admission of evidence as to the fact of the assignment.

3. **Practice in the Supreme Court**: WAIVER OF JURY. The jury will be presumed to have been waived before trial by the court, where the abstract fails affirmatively to show that such was not the case.

*Appeal from Kossuth District Court.*

MONDAY, APRIL 26.

ACTION of mandamus to compel defendants, who are the supervisors of Kossuth county, to levy a tax for the payment of a certain judgment in the name of plaintiff, by him before recovered against the county in the District Court of Palo Alto county. The answer sets up that plaintiff is not the real party in interest, the plaintiff having, prior to the rendition of the judgment, sold and transferred his interest in and to the cause of action, or any judgment that might be rendered thereon, to one D. P. Russell.

The action was tried to the court, without a jury, and a judgment granting the relief asked for was rendered in favor of plaintiff. Defendants appeal.

*J. N. Weaver,* and *Cravath & Birge,* for appellants.

*Geo. E. Clarke,* for appellee.

BECK, J.—I. No objection was raised in the court below to the defense pleaded to the action. It was tried upon the issues as presented in the answer of defendants. Upon the trial plaintiff testified that he was the owner of the judgment, and that he acquired his

1. EVIDENCE: parol: written instrument.

interest in it through a written assignment from Russell to himself, and a transfer to Russell by him, before judgment, of all his "right and interest in this cause of action or any judgment that may be rendered" thereon. The original assignment by plaintiff to Russell was received in evidence. Plaintiff testified that the assignment from Russell to himself was not in his possession, and that he had left it in his attorney's office. It was shown by his attorney that the instrument had been by him forwarded to the clerk of the District Court of Palo Alto county, and had not been returned. Thereupon, against defendants' objection, plaintiff was permitted to testify to the substance and effect of the instrument.

This evidence was clearly incompetent and erroneously admitted. It was introduced by plaintiff and for his own benefit, and presented the contents and effect of a written instrument. That instrument was either a record, for it had been, for a proper purpose, sent to the clerk of the court wherein the judgment which it transferred was rendered, or it was a private writing under the control of plaintiff. If a record, evidence of its contents was incompetent. If a private writing, it was held by the clerk of the court for plaintiff, and did not cease, by the change of custody, to be under plaintiff's control. There is no evidence showing the least difficulty in the way of its introduction as evidence. If defendants had desired to introduce the assignment in evidence, upon a proper motion for plaintiff to produce it and his refusal so to do, a copy would have been admissible on the ground that it was in the custody of plaintiff. It was held by another for him. *Connor v. Dist. Twp. of Ludlow*, 35 Iowa, 375. Certainly, while the instrument is in plaintiff's possession or under his control, he cannot be permitted in his own behalf to give evidence of its contents. The point is so essentially elementary in its nature, and so plain, that the few remarks we have made upon it are really more than it demands.

II.   Counsel for plaintiff insist that, as plaintiff, without objection, testified he was the owner of the judgment, there was no error in admitting the evidence as to the contents of

the written instrument, which was to the same effect as his prior testimony. But that testimony was simply preliminary to the introduction of the other proof. It was not evidence of a fact, but of plaintiff's claim of right. Having stated this claim of right, he was required to support it by legal evidence.

III. Counsel also insist that plaintiff is shown, by the assignment to Russell, to be the holder of the legal title to the judgment and may, therefore, maintain this action even in absence of proof of the assignment back to him by Russell, because he is to be regarded as a trustee of Russell under the first assignment. But no such point was made in the court below. The petition sets out the cause of action as being in plaintiff's own right; the answer makes the issue that he is not the real party in interest; he testified that he was, and the court found, upon his own testimony, under the issue, that he was the real party in interest. He cannot claim an affirmance of the judgment on the ground that this evidence shows him to be a trustee.

IV. Defendants insist that the court erroneously refused to submit the cause to a jury. As the abstract fails to show

2. PRACTICE in the Supreme Court. affirmatively that a jury was not waived by defendants, thus contradicting the presumption to be exercised in favor of the correctness of the court's action, there is no error shown to have been committed by the trial to the court.

For the error in the admission of evidence, the judgment of the District Court is

REVERSED.