G-rangker, J.
I. The defendants, in pleading payment of the note, averred that they delivered to plaintiff 1. Pi.eatiihg and practice:. motion: separation of in full payment, which was accepted by , j. -i A,. . plaintiff, a stock of goods consisting of . n. -,, .. ., wines, liquors ana beer, and the vessels containing the same, located at Grindstone, Illinois. The plaintiff moved the court to require the defendants to “state whether or not the agreement referred to, by which the property was taken in payment, was oral or in writing; and that they be required to set out a copy of the same.” The court overruled the motion, and properly so. Admitting, for the purposes of the case, that by a proper motion plaintiff was entitled to a statement of whether or not the agreement was in writing, still the court is not in error, for the motion asks for what the plaintiff, under the law, was not entitled to, and that is, that the agreement, if in writing, be set out. The action is not founded on such writing as evidence of indebtedness, so that the requirements of *37 Code, section 2648, apply ; and we know of no consideration on which, the plaintiff was entitled to have it set ont in the pleadings.
But the appellant says the motion should have been sustained “so far as it was well taken,” and that the defendants should have been required to state if it was in writing. We think a motion should be so presented to the court that its request, or a particular request thereof if it contains more than one, may be sustained or overruled, and not require the court to sift out and inquire if it may grant some part of a request. Such gratuitous services have often been criticised, because granting what was neither asked nor desired. In a motion to strike from a pleading a particular portion, it is often true that a part thereof might be stricken, but not all; but the party does not desire less than it asks, and the court may reasonably so assume. In this case the court could not have sustained the motion except by requiring the defendants to set out the agreement. Less than that it was not asked to do, nor does the motion indicate a desire for less.
II. Issues were formed on the petition and the petition of intervention on and prior to October IS, 1889. 2. Remedy: eiection: waiver. On January 7, 1890, the plaintiff filed an “amended and supplemental petition in equity,” in which it freaffirms the allegations of the original petition; details to some extent the transac-tionsxout of which the note in suit originated, whereby the stock of liquors, etc., before referred to, and other property, including real estate, were conveyed to defendant Fleming, plaintiff’s cashier, in trust for the' payment of the note in suit, with others; alleges that the written agreement by which it was sought to be accomplished was hastily made, and does not express the intentions of the parties ; states other facts as to the rights of intervenors, and concludes with the following prayer: “ Wherefore plaintiff prays said parties above named, and each of them, be made parties defendant hereto, and be required to set forth and exhibit what *38 title or interest they and each of them have, or claim to have, in and to the property seized under the writ of attachment issued in this cause; that the written contract above set forth may • be reformed so as to correspond with the agreement in fact made by and between the parties thereto, as above set forth ; that an account be had and taken of the amount due plaintiff upon the note set up herein, and that plaintiff have judgment therefor against the firm of Delahaye & Purdy and said Hiram Purdy 5 that the property seized under the writ of attachment in this cause, hereby referred to as part hereof, be declared the property of Hiram Purdy, and,, as such, be subject to sale for the payment of the amount so adjudged to be due plaintiff, with interest and costs ; and that the said parties above named be made defendants hereto, and each of them be barred from any right, title, interest or claim in and to said property, or any part thereof; and that said property be ordered sold to satisfy the amount so adjudged to be due plaintiff, with interest and costs ; and plaintiff prays, general relief.”
The defendants and intervenors moved to strike the petition from the files, which motion the court sustained, and from such order the plaintiff appealed, and, hence,, it will be seen there are two appeals in the case, and both for our present consideration. The appeal from the order sustaining the motion was perfected January 29, 1889, and, on January 31, plaintiff filed a motion for a continuance of the cause until the appeal could be heard, which was refused, and thereafter the parties proceeded to trial on the issues presented in the action at law, and from the judgment therein obtained the other appeal is taken.
The proceeding to trial in the law action was clearly a waiver of the action of the court in striking the petition in equity from the files. Both the action in equity and the one at law could not be maintained (Code, sec. 2630); nor could plaintiff legally rely on both at. the same time. It must place its reliance on one,, and that at its election. If it had chosen to stand on *39 its petition in equity, and properly disregarded the action at law, it could, by its appeal, have compelled the district court, if in error, to entertain the proceeding; and it is not true, as claimed, that it was compelled to go to trial because the continuance was refused. The refusal of the continuance placed the plaintiff in the position to make its election of the remedies chosen. In the law action it was determined that the note in suit had been paid, and the judgment, if valid, operates to discharge the attachment, and nothing remains for trial. If we are to reverse because of the action of the court in striking the petition, then the plaintiff is permitted to test its right of recovery on the note in two actions, and the note constitutes its entire interest in both proceedings. It invoked, by its petition, and accepted, by proceeding to trial, the adjudications in the law action, subject to a right of appeal from the judgment, and is now bound thereby. This holding is in harmony with very many rulings of this court where parties have waived their rights on appeal by proceeding to trial- after rulings against them on motions and demurrers. We need not cite the cases. The spirit of the rale is that a party may be entitled to his choice of remedies, but not to a plurality of them.
III. Upon the trial of the issue of payment Hiram Purdy was a witness for defendants, and gave evidence 3 evidence-Jeution-°prae-tlue-certain property being transferred to the plaintiff! payment of the note. Mr. Blake was also a witness for defendants and tes- ' tided that he was present when a transaction took place, and at the instance of the parties, or at least one of them, wrote out an agreement that was ¿signed by Hiram Purdy and J. J. Fleming, as parties to it. Mr. Blake also testified as to what the talk was between the parties, from which he wrote the agreement. The plaintiff then moved that the testimony of both Purdy and Blake be stricken out for the reason that the writing was the best evidence, which the court refused. The appellees’ contention in this respect is that the contract, as to pay ment, was not reduced to writing ; that the writing *40 pertained to other matters. The cashier of the plaintiff bank was a witness, and testified that the writing was in the bank, and he could get it. lie was then asked by counsel for defendant:
“Q. Will you do so, and let me see it? A. I hav’n’t it with me; it is in the possession of the bank.
UQ. Will you let us see it, please? (Objected to as immaterial. Objection sustained.)
“By Glasgow : We would like to see that contract that has been talked about here by Mr. Eeiney and this witness. (Objected to, that it was not material. Objection sustained.)”
Upon this state of the record, it is not difficult to dispose of the question presented. The testimony of Mr. Purdy is to the effect that he had a talk with Mr. Eeiney, president of the bank, before Mr. Blake was called, in which he proposed to turn out the entire stock of goods in payment of what the defendants owed the bank; and that Eeiney. accepted, but said the transfer must be made to the cashier, and not to the bank. The writing is excluded at the instance of plaintiff, because not material. The plaintiff must now stand by the fact on which it has had the writing excluded. There is testimony tending to show an agreement to accept the goods in payment, and that they were so accepted. The contention of appellant is that the contract did not provide for the transfer of the goods as payment, but as security of the indebtedness of defendants to the bank. If the contract, on its face, so provided, it would almost conclusively, if not quite, show that there was no payment, and it was surely material. ' Where it does not appear otherwise, we must assume facts in support of the action of the court, and, as appellant has asserted to the court and secured the exclusion of the writing because not material, we must treat it as having no bearing on the questions at issue, and that appellant’s contention that the contract was to effect a securty of the debt has no support in the writing. There was, beyond controversy, a payment or giving of security. *41 II the contract provided for -either it was material, if for neither, it was immaterial; and, as appellant .asserts the latter, and has taken the advantage on the trial of such assertion, the fact will prevail; and,, as the testimony of both Pnrdy and Blake is material to the issue, the court did not err in refusing to strike it from the record. We do not overlook the fact that Mr. Blake testified that he made the writing from the conversation, and from which it would appear that the writing •should have been admitted. We base our holding on the attitude of appellant' at the trial.
IY. Complaint is made of instructions given and refused, but those asked and those given are, in their ' instruction to legal import, so near alike, that either would have been a reasonably safe guide to the jury. Those given by the court are not less so than those asked by appellant. Those asked are .more elaborate in stating the details of a contract of payment, but those given are sufficiently so.
On motion of the plaintiff the court gave to the jury the following instruction: “The defendants have undertaken to prove a specific contract, not in writing, under which the property referred .to was delivered in full payment of all debts owing by Delahaye & Purdy to plaintiff, and, if they fail to show this specific contract by a fair preponderance of evidence, then your verdict must be for the plaintiff.” The instruction states the .gist of the controversy in- the case, and-the other instructions given were in harmony with it, and were sufficient to properly guide the jury to a correct conclusion.
Appellant asked the following: “In ascertaining the true nature of the transaction it is proper for you to consider the attending circumstances, such as the failure ■of the defendants to take up or demand the surrender of the notes, the delivery of further security on other property, the negotiations and discussions about giving a mortgage on real estate, the propriety of confessing judgment, and the acts and admissions of defendant Purdy .subsequent to the tenth of August, 1889,” etc. It was *42 refused, and tlie court said to tlie jury : “ In determining this issue it is your duty to fully, carefully, fairly and impartially consider and weigh all the facts and circumstances disclosed by the evidence and bearing upon the case.” Conceding the correctness of the instruction-asked, we think this one given equally comprehensive-and fair. The peculiarities of a case sometimes render the specification of facts to be considered by the jury necessary, or at least proper; but when done it should be-with care that undue prominence is not thereby given.. The failure to specify in this case is certainly not error. The facts to which attention was called by the instruction asked were prominent in the case, and likely not to-escape the attention of the jury.
V. The appellant asked the following instruction,, which was refused: “5. The amount and value of the 5. Payment: transfer of property : value. property turned over and delivered by Delahaye & Purdy has nothing to do with this controversy, and all evidence in that regard, as well as all evidence tending to show what the property inventoried, or what it was worth, or what it brought, is entirely immaterial, and must be disregarded by you.” The refusal was right. The value of the property might be a material aid to the jury in finding whether the parties, in transferring the property, contemplated a payment or security for the debt. If the-value of property was many times the amount of the debt, the probabilities would be against a payment. If of about the samé value, it would be stronger proof of' payment. We have considered the other questions in. the case, and there is no error.
The judgment of the district court on both appeals-, is AFFIRMED.