R. M. RABB v. J. W. ALBRIGHT, Appellant.

**Practice:** LAW AND EQUITY. Defendant does not waive error in transferring to equity by joining issue in equity, when the transfer is due to plaintiff's supplemental pleading. *Bank v. Delahay*, 82 Iowa, 39, *distinguished.*

SAME. If a transfer is denied because the appointment and control of a receiver is involved, the motion to transfer should be made before a court of law appoints a receiver.

**Receivers:** JURISDICTION. Courts of law as well as equity have power to appoint receivers.

*Appeal from Des Moines District Court.*—HON. JAMES
D. SMYTHE, Judge.

TUESDAY, DECEMBER 18, 1894.

Action for rent, aided by a landlord's attachment.
Subsequently the plaintiff filed a supplemental peti-
tion alleging that after the issuing of the attachment,
and the seizure of property thereunder, the defendant
had made an assignment for the benefit of his crditors,
and in some way was disposing of and removing the
goods from the premises, not in the usual course of bus-
iness, and asked that a receiver be appointed to take
charge of the property, and that an injunction issue,
restraining the removal of goods from the premises,
and asked that the assignee for the benefit of creditors
be made a party defendant, and be required to sur-
render the property to the receiver.     The assignee,
Mark S. Foote, answered, taking issue upon the aver-
ments of the petition as to him; and the defendant
Albright answered, taking issue upon the averments
as to his indebtedness, and averring a breach of the con-
ditions of the lease by plaintiff, and damage to him
because of the issuance of the attachment.   The court
appointed a receiver, and entered an order enjoining
the defendants from making any disposition of the
property.   To so much of the defendant's answer as
presented a cross action for damage, the court sus-
tained a demurrer.   The court then, upon plaintiff's
motion, transferred the cause to the equity side of the
docket, and, upon a trial of the issues, gave judgment
for plaintiff, and established the lien upon the goods in
the hands of the sheriff and receiver, and ordered a sale
of the same.   The defendant Albright appealed.—
*Reversed.*

*Thomas Hedge* and *Power & Huston* for appellant.

*P. Henry Smythe* for appellee.

Granger, C. J.—I.   Appellant contends that the court erred in transferring the cause to the equity docket for trial.   Appellee cites the case of *Bank v. Delahaye*, 82 Iowa, 39, 47 N. W. Rep. 999, in support of the ruling of the court.   In that case the plaintiff brought its action at law on a promissory note, and aided it by attachment, after which the plaintiff filed a supplemental petition in equity, which the court, on motion of defendant and intervener, struck from the files, and a continuance being denied plaintiff, it joined in the trial of issues at law; and we held that in so doing it waived any error in the ruling on the motion to strike the petition in equity because the plaintiff had elected to bring its action at law.   It then sought to change the forum to one in equity.   Being the party that invoked the action of the court, it could not seek its remedy in both forums.   It could accept the ruling of the court, and proceed in the law forum, or it could stand on the petition in equity, and, if right, correct the error on appeal, and take its remedy in equity.   But we said it could not do both.   The situation is quite different in this case.   The plaintiff brought this action at law, and then so changed the issues that the court, at his instance, changed the forum.   The defendant is in no way responsible for the bringing of the action, nor for the change.   He has the right to defend in whatever forum the case may be, and by so doing he does not waive any error of the court in denying him a legal right as to place of trial.   In this case the issues are precisely the same, whether the action was tried in equity or at law.   In the cited cases the supplemental petition presented facts for issue differ-

ent from those in the action tried. When the court
had denied the change to equity, the plaintiff could not
say, "I will now prosecute my claim at law, and if I
fail I will then test the ruling of the court, with a view
to again prosecute it in equity."

II. It seems to us that the court erred in trans-
ferring the cause to the equity docket for trial.
If it be conceded that the supplemental petition
presented facts of equitable cognizance, as to the
appointment and control of a receiver, which would
have warranted such a transfer, any claim therefor, by
plaintiff, was lost by a neglect to do so while such equit-
able issues were pending. It does not appear just
when the supplemental petition in equity was filed, but
it was filed, and issue taken thereon, so that the order
appointing the receiver, with power to take the prop-
erty from the assignee, and enjoining both Albright
and the assignee from disposing of the property, was
made on the twenty-fifth day of October, 1892, and on
the second day of December, 1892, the court ordered
the receiver to sell the property. There is no pretense
in the record but that the property, whether in the
hands of the assignee or the receiver, is to be held sub-
ject to the orders of the court for the satisfaction of any
judgment that might be obtained against defendant
Albright. The answer of the assignee is to that effect.
When the motion was filed, March 28, 1893, to
transfer the cause, there was nothing in the
case demanding equitable consideration or disposition.
It only remained to consider the single question as to
the indebtedness of Albright, and, if any was found, to
apply, as a matter of course, the money in the hands
of the receiver, in payment. The final trial was with-
out a reference to the issues as to a receiver. It simply
determined the liability of Albright for rent. The

statute authorizes the appointment of a receiver in a law action. Code, section 2903; *Jones v. Graves,* 20 Iowa, 596. The order of the receiver to pay the money on the judgment could be made in a law as well as in an equitable action. In this respect the case was not different than it would have been had money or property been in the hands of the sheriff, by virtue of attachment or other proceedings, so that it awaited an order of the court for application. The cause should be set for trial in the District Court as a law action.—*Reversed.*