STATE SAVINGS BANK, Appellant, v. WILLIAM L. MILLER and E. J. MILLER, Appellees.

**Transfer of causes:**  WAIVER OF ERROR.  Error in transferring a cause from the law to the equity docket is not waived by the objecting party by going to trial in the equity case.

**Same:**  DISMISSAL OF LAW ACTION: NEW TRIAL.  Where an action was erroneously transferred to the equity docket, the dismissal of the law action, after a trial in equity, did not deprive plaintiff of his right to insist that he was entitled to the verdict of a jury; and hence the court's action in dismissing the petition was not a reason for refusing a new trial.

**Judgments:**  CONCLUSIVENESS.  Where the grantors of land were not made parties to a suit against the purchasers to foreclose a mortgage thereon, a judgment in that suit was not conclusive in a law action on a note secured by the mortgage, as against either plaintiffs or defendants therein.

**Consolidation of actions:**  WITHDRAWAL OF MOTION.  Where a motion to consolidate actions was never submitted or acted upon by the trial court, it should be treated on appeal as having been withdrawn.

**Transfer of causes:**  WAIVER OF ERROR.  A stipulation that certain ac-

tions should be tried together, and that the evidence in each so far as applicable should be considered as though the cases were tried separately, was not a waiver of plaintiff's right to object to a prior transfer of one of the cases from the law to the equity docket.

**Transfer of causes:** GROUNDS THEREFOR. Where plaintiff brought one action at law to recover on notes and another in equity against other defendants to foreclose a mortgage securing the notes, and he was not required at any time to elect as to the action he would prosecute, the fact that the defendants pleaded payment, laches and estoppel in defense of the law action, was not ground for a transfer thereof to the equity docket; such defense being applicable to a law action as well as one in equity.

**Contracts:** LACHES AS A DEFENSE. Laches is not in itself a defense to an action upon a contract unless the delay is of such duration as to cover the statutory period of limitation, but when pleaded in connection with other matters it may amount to an estoppel, and is available as a defense in a law or equity action.

*Appeal from Lucas District Court.*—HON. M. A. ROBERTS, Judge

WEDNESDAY, FEBRUARY 16, 1910.

ACTION at law upon two promissory notes made and executed by defendants, E. J. and William Miller, to the plaintiff bank. The defendants admitted the execution of the notes, but pleaded laches on plaintiff's part, and an estoppel due to its conduct with reference to the notes. Upon defendants' motion the cause, over plaintiff's objections, was transferred to the equity docket for trial. By agreement of the parties the action was then tried with another suit, against other parties, brought to foreclose a mortgage made to secure the notes, resulting in a judgment and decree dismissing plaintiff's petition. The appeal is from the ruling sustaining the motion to transfer to the equity calendar.—*Reversed.*

*W. W. Bulman,* for appellant.

*Stuart, Stuart & Stuart,* for appellees.

DEEMER, C. J.—The two notes in suit were executed by the defendants, Miller, to the plaintiff bank on March 18, 1895, and February 24, 1897, respectively; the first one maturing four years after date, and the second on or before March 1, 1898. The notes were secured by a certain real estate mortgage made by defendants, Miller. The action on the notes was commenced at law February 27, 1908. The execution of the notes was admitted by the defendants; and, although they concede that the action is not barred by the statute, they pleaded laches and an estoppel on the part of the plaintiff in defense to the law action. Thereupon the defendants moved to transfer the cause to the equity calendar for trial, on the theory that the defense of laches and estoppel was an equitable one, and should be tried as in equity. This motion was resisted, but notwithstanding the resistance the court ordered the transfer, and plaintiff took its exception. It now appears in support of a motion to dismiss the appeal, and in an amended abstract, that on the same day that the plaintiff commenced this suit against the defendants, Miller, it brought an action to foreclose its mortgage given to secure the notes against J. H. Thomas, Adda J. Kelsey, Ethel Kent, Parker Williams, and C. E. Duntley, administrator of the estate of Nancy Perkins. In the petition it was recited that the Millers made the mortgage, but that they had no interest in the land at the time suit was commenced; that the defendants were the owners, and they asked a foreclosure of the mortgage against them. These defendants appeared and answered, pleading an equitable estoppel, that they were good-faith purchasers, and they also adopted the answer of the Millers in the law case. After the order of transfer was made various motions to consolidate the two actions were made, both by plaintiff and defendants. But a certified transcript of the

record shows that none of these motions were ruled upon. Defendants in the foreclosure suit also asked to have the Millers made parties thereto, but this was never done. The record does show, however, the following stipulation: "Stuart—It is stipulated by all parties interested, cases being chancery No. 7,134, State Savings Bank v. E. J. Miller and William L. Miller, and case 7,135 being State Savings Bank v. J. H. Thomas et al., shall be tried together. The evidence in each case, so far as it applies to each other, shall be had and applied the same as if the cases were tried severally." The cases were tried pursuant to this stipulation, resulting in a judgment dismissing plaintiff's petition in this case and a finding for the defendants and a dismissal of the petition in the foreclosure suit. It is now insisted that the appeal in this case should be dismissed upon the foregoing record.

The rule for this State is that if the trial court errs in transferring a case from the law to the equity docket, the party complaining does not waive his right to rely upon the error by going to trial in the equity case. *Rabb v. Albright,* 93 Iowa, 50.

The dismissal, then, of plaintiff's action in the law case after a trial in equity does not deprive plaintiff of his right to insist that he is entitled to the verdict of a jury upon the issues joined. Hence the action of the trial court in dismissing the petition is no reason for not granting a new trial. The decree in the equity case was not pleaded as an adjudication of the issues involved in the law action. Nor could it have been, for it was not rendered until the very day of the dismissal of the petition in the law action.

Moreover, defendants, Miller, were not parties to the foreclosure suit, and the parties to the equity suit were not in privity with them. They were purchasers of the land from Miller, and an adjudication in their favor or against them would not be binding on plaintiff or the

Millers in the law action. They had parted with their title to the lands, and were not parties to the foreclosure suit.

Plaintiff's motion to consolidate the two actions was never submitted to or acted upon by the trial court, and should therefore be treated as withdrawn. *Cook v. Smith,* 50 Iowa, 700. The stipulation under which the cases were tried did not amount to a waiver of the ruling on the motion to transfer. It did not provide ·for a consolidation of the cases, and was nothing more than a consent that the cases should· be tried together; the evidence, so far as applicable, to be applied to each case the same as if the cases were tried separately. Surely no waiver of the error, if there be one, can be found in this stipulation. As already observed, the parties to the two actions were not the same. The Millers were not parties to the foreclosure, and the defendants to the foreclosure were not parties to the law action. Defendants' motion to dismiss the appeal must be, and it is, overruled.

Going to the real question in the case, we find that the action was at law upon two promissory notes. The defenses were payment, laches, and an estoppel. In order to solve the question presented it is well to consider some statutes which have a material bearing upon the matter. These are sections 4288 and 3435 of the Code, and they read as follows:

Sec. 4288. If separate actions are brought in the same county on the bond or note, and on the mortgage given to secure it, the plaintiff must elect which to prosecute. The other will be discontinued at his cost.

Sec. 3435. Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues were such, though none were exclusively so,

the defendant shall be entitled to have them all tried as in cases of equitable proceedings.

Plaintiff was not called upon at any time to make any election as to which to prosecute; and, as we have already observed, there is no adjudication as yet which will defeat the action at law, unless possibly upon a retrial it should be found that the decree in the equity suit is a bar. That question is not now before us.

It will be observed that defendants pleaded payment, laches, and an estoppel in defense of the law action. Surely payment is not an equitable defense, nor is an estoppel. Laches may be a defense to a suit in equity, but not to an action at law. But neither estoppel nor laches was an issue exclusively cognizable in a court of equity before the adoption of the Code. Doubtless laches alone is not in itself a defense to an action on contract, unless of such duration as to cover the statutory period of limitation; but, if accompanied with other things, it may amount to an estoppel, yet in such cases the defense is available in law as well as in equity. Estoppel is quite a common defense to a law action, and it has not heretofore been recognized as a defense exclusively cognizable in a court of equity. This defense, like others, is legal, and goes to the jury like any other issue of law or fact. These propositions are so well settled that it is hardly necessary to fortify them with authority, but see *Doyle v. Burns,* 123 Iowa, 509; *Adams v. Holden,* 111 Iowa, 54; *Relf v. Eberly,* 23 Iowa, 470; *Light v. West,* 42 Iowa, 138; *Joseph v. Davenport,* 116 Iowa, 274.

It is true that we often speak of the defense of equitable estoppel; but this terminology does not indicate that such a defense is purely of equitable cognizance. It may be interposed in a law action and tried to a jury. None of the cases cited and relied upon by appellees' counsel runs counter to these views. Plaintiff lost nothing in

failing to appeal from the decision in the foreclosure case., The order from which he appeals was made long before that decree was entered, and that decree has never been pleaded as an adjudication. It may have been bottomed wholly upon the proposition that the defendants therein were innocent purchasers, but however that may be, the Millers were not parties to that suit.

The conclusion hinges upon this one fundamental proposition that mere delay short of the statute of limitations is no defense to an action on a note. And laches alone can not be made a defense by moving to transfer to the equity docket. These principles seem to be fundamental, and in our opinion call for a reversal of the order.— *Reversed.*