C. S. Missildine et al., Appellees, v. L. C. Brightman et ux.,
Appellants.

No. 46435.

June 6, 1944.

Rehearing Denied September 23, 1944.

1340

A. D. Pugh, of Des Moines, for appellants.

Albert J. Todd, of Des Moines, for appellees.

MANTZ, J.—C. S. Missildine and H. Pierce Witmer, plaintiffs, as owners under a deed from Polk County, Iowa, brought action of forcible entry and detainer in the municipal court of Des Moines, Iowa, against L. C. Brightman and Alice Brightman, defendants, to recover possession of certain real estate in Des Moines. The action was docketed in equity. Defendants appeared, made written demand for a jury trial, and also filed motions for more specific statement and to dismiss, attacking the jurisdiction of the municipal court to try the case in equity. The record does not show any specific rulings on such motions. Defendants answered, denying plaintiffs' claim of ownership of the property involved, and the validity or legality of the deed to such property held by plaintiffs. Defendants claimed to be the owners of the property involved by reason of a contract entered into in 1926 between them and C. A. and Mary Turner, then owners of the property, wherein defendants were to care for said Turners as long as they lived and in return were to receive the property. Defendants further alleged that they fully performed said oral contract and thereby became the owners thereof, with homestead rights, and as such were entitled to possession thereof. They further prayed for general equitable relief. Later they moved to transfer the cause to the district court of Polk County, Iowa, alleging that it involved title to real estate and that the municipal court had no jurisdiction to try said action. The motion to transfer the cause to the district court of Polk County, Iowa, was overruled and the case was tried in equity in municipal court. A decree was entered in favor of plaintiffs, awarding them possession of the real

estate, and judgment against the defendants for costs. Defendants have appealed.

I. There has been filed in this court as part of the record what has been denominated as "appellants' abstract of record," and attached thereto is a certificate of the trial judge to the effect that the parties have agreed that such abstract is correct and shall constitute the record on appeal.

The form of this so-called abstract of record as presented to us is not to be commended. This applies not only to what is set out therein but also to what it fails to set out. In the printed brief points matters have been argued relating to motions and rulings therein, which rulings we have been unable to locate in the record. The dates of the filings of most of the pleadings do not appear in the record. By reason of this condition of the record we have had considerable difficulty in getting a true and complete understanding of the entire proceedings.

II. The action was that of forcible entry and detainer. This is a summary remedy allowable to secure possession of real estate. When brought in municipal court it is triable as an ordinary action, except where the title is put in issue as provided in Code sections 12274 and 12263, in which case the municipal court shall transfer the cause to the district court. When the action is brought in the district court it shall be there tried in equity. Under the provisions of Code section 12267 the district, municipal, and superior courts within the county, and the justices of the peace within the township where the subject matter of the action is situated were given concurrent jurisdiction.

The action was brought by petition containing the necessary averments of an ordinary action of forcible entry and detainer. While the petition was not denominated law or equity, it contained nothing calling for the exercise of equitable powers. However, it was docketed as an action in equity and following this all proceedings were had in that forum. Whether a cause is in law or in equity is determined from the averments of the petition. The averments of the prayer of a petition are not in themselves controlling. McAnulty v. Peisen, 208 Iowa 625, 226 N. W. 144; Markworth v. State Sav. Bk., 212 Iowa 954, 237 N. W. 471.

In the presentation in this court the appellants have set out twenty-seven points or propositions which they urge as grounds for reversal of the decree of the lower court. Some of the assignments are indefinite, others vague; some overlap, and others tend to duplication. Certain of them are argued singly; others are joined and so argued; and some are dealt with en masse. The record below and on appeal rather indicates an indifference in preparation and presentation and does not lend itself to that degree of clarity and conciseness so desirable in these proceedings.

We have gone over the record carefully and have considered all matters presented. We do not think it necessary to pass upon or discuss all of the propositions presented. Some have little or no application and to set them out and follow with a discussion and determination would serve no useful purpose.

We will confine our discussion to three matters involved and presented and we feel that they are determinative of the controversy. These are as follows:

(1) Did the pleadings put in issue the title of the property involved so as to entitle appellants to a transfer of the cause to the district court under Code sections 12274 and 12275?

(2) Does chapter 303, Acts of the Forty-ninth General Assembly, direct forcible entry and detainer actions in the municipal court to be tried as equitable actions?

(3) Did the court err in not granting to appellants a jury trial following their demand?

III. In the consideration of the first point as above set forth we will examine the pleadings in the light of the statutes having application. Appellees claimed to hold the record title to the property involved by reason of a deed to them from Polk County, Iowa. By virtue of this deed they claimed the right to possession of the property and alleged that appellants wrongfully were in possession thereof.

Appellants denied the claims of appellees, alleging that the deed from Polk County, Iowa, to appellees was illegal and invalid; that appellants held homestead rights in and to the property, growing out of their equitable ownership which they claimed arose by reason of an oral contract made by them with C. A. and Mary Turner, former owners, in 1926. Appellants

by their answer prayed that they be declared to be the owners of such property under and by virtue of their contract with the Turners, which they claimed was fully and fairly performed, and for general equitable relief.

Code section 12274, part of chapter 519, on the subject of forcible entry and detainer, is as follows:

"The question of title can only be investigated in the district court, and can be pleaded in a municipal court or a justice's court only as provided in subsection 4 of section 12263."

That section, so far as applicable in this case, is as follows:

"A summary remedy for forcible entry or detention of real property is allowable: * * *

"4. Where the defendant continues in possession after a sale by foreclosure of a mortgage, or on execution, unless he claims by a title paramount to the lien by virtue of which the sale was made, or by title derived from the purchaser at the sale; in either of which cases such title shall be clearly and concisely set forth in the defendant's pleading."

Section 12275 provides that when so put in issue, the court shall transfer the cause and the papers with a transcript of its docket to the district court, where the case shall be tried on its merits.

Under the terms of section 12263, above quoted, the only plea of title which would warrant a transfer to the district court would be as set forth in paragraph 4 of said section.

The answer of appellants does not assert title paramount to the lien by virtue of which the sale was made, or by title derived from the purchaser at the sale. Neither do appellants claim to have continued in possession after a sale by foreclosure of a mortgage, or on execution.

It is the conclusion of this court that the pleadings of appellants did not put in issue the title to the property within the provisions of section 12263 (4) as hereinbefore set forth. Therefore, the lower court did not err in refusing to transfer the cause to the district court of Polk County, Iowa.

IV. The second matter to be taken up goes to the con-

sideration of question 2, heretofore propounded: Does chapter 303, Acts of the Forty-ninth General Assembly, direct forcible entry and detainer actions in the municipal court to be tried as equitable actions? That court, in the face of objection by appellants, proceeded to docket the case and try it in that forum. The appellees argue that the court was right, and further, that appellants, by filing an answer in equity wherein general equitable relief was asked, agreed to try the case in that forum and waived the right to a trial in law with a jury to pass upon the facts.

We find nothing in the record to show that appellants agreed to try the cause in equity. Neither do we think that they waived the right to trial by jury by filing answer and proceeding to trial. As the proceedings were carried on, they had little choice in the matter.

In State Savings Bank v. Miller, 146 Iowa 83, 124 N. W. 873, this court held that an error in transferring a cause from law to equity was not waived by the objecting party by going to trial in the equity court. Upon that subject, this court, in Rabb v. Albright, 93 Iowa 50, 52, 61 N. W. 402, 403, used the following language:

"The plaintiff brought this action at law, and then so changed the issues that the court, at his instance, changed the forum. The defendant is in no way responsible for the bringing of the action, nor for the change. He has the right to defend in whatever forum the case may be, and by so doing he does not waive any error of the court in denying him a legal right as to place of trial."

Prior to the enactment of chapter 303, Acts of the Forty-ninth General Assembly, actions of forcible entry and detainer were tried as ordinary actions. Section 12267, before being amended by chapter 303, Acts of the Forty-ninth General Assembly, provided that the district, municipal, superior, and justice of the peace courts should have concurrent jurisdiction in such matters. Said section 12267 was amended by adding thereto the following:

"Where an action is brought in the district court it shall be tried as an equitable action, and upon presentation of the

petition to the court or judge after the same has been filed, the court or judge shall make an order fixing the time and place for hearing upon said petition and shall prescribe that notice of the hearing be personally served upon the defendant or defendants, which service shall be at least five (5) days prior to the date set for hearing."

The record shows that in starting this action and in the giving of the notice the appellees followed the amendment above quoted and secured from the municipal court an order for notice to be given the defendants. In argument the appellees state:

"The Municipal Court has since said amendment was passed, considered it to apply to Municipal Court also under Section 10664 above stated, and has made its rules pursuant thereto."

Appellees further set out section 10664, as follows:

"Laws applicable—rules. All provisions of law relating to the district court and the judges and jurors thereof shall, so far as applicable and when not inconsistent with this chapter, apply to the municipal court and the judges thereof. The judges of the municipal court shall adopt and promulgate rules of practice which shall conform, as nearly as may be, to the rules of the district court of the district in which said municipal court is located. If not established by statute or rule, the judge hearing the cause may prescribe the method of procedure."

The rules above referred to are not shown in the record.

In connection with the claim of appellees that the municipal court of Des Moines, Iowa, has concurrent jurisdiction in equity with the district court in forcible entry and detainer cases, we call attention to Code section 12267.1, as follows:

"Municipal court procedure. This chapter shall apply to actions in the municipal court except insofar as the statutory procedure governing said court is in conflict herewith."

It seems to us that the amendment to section 12267, which provides that actions of forcible entry and detainer brought

in the district court shall be tried in equity, is squarely in conflict with the municipal procedure as restricted by the section above quoted.

We are not able to agree with the claim of appellees that the amendment enacted by the Forty-ninth General Assembly applies to the municipal courts. When this amendment was made the legislature was cognizant that up to that time actions of forcible entry and detainer were tried as ordinary actions with the right of jury trial. It changed the procedure by directing the district court to try such cases in equity. Designating the district court in express terms would, by the usual and ordinary rules of construction, exclude all others. We do not think the legislature intended to include the municipal courts in such enactment. The language of the amendment is clear and unambiguous and does not call for interpretation. We hold that the municipal courts have no right to try forcible entry and detainer cases in equity in the face of objection by a party thereto, and that in this case the municipal court of Des Moines, Iowa, was in ,error in proceeding to try the case in equity. If we should sustain the claim of appellees in such respect the effect would be that there could be no trials by jury in forcible entry and detainer cases in Des Moines, or in any other territory where the municipal court has superseded other inferior courts.

V. The final matter to be determined relates to the action of the municipal court in regard to the demand of appellants for a jury trial. When appellants appeared they filed, in connection with a motion for more specific statement, a demand for a jury trial. This was their right in such an action in that court.

Under section 10678, a party in a law action is entitled to a jury upon demand. See La Forge v. Cooter, 220 Iowa 1258, 264 N. W. 268. A party is entitled to trial by jury in a law action unless he waives it. Metier v. Brewer, Iowa, 205 N. W. 734. See, also, Hawkins v. Rice, 40 Iowa 435.

Under the record in this case we think that the appellants' demand for a jury trial may be considered equivalent to a motion to transfer the cause from equity to law. The record does not indicate any specific ruling upon this demand. Appel-

lees do not claim such demand was not made. However, the index to the record, under the heading, "motion for more specific statement, including demand for jury trial," shows the following: "Overruled without Qualification, 7/3/43." Appellees did not object to this statement nor question its accuracy and we think that it can be considered correct. In the face of this demand the court proceeded to try the case in equity, thereby depriving appellants of a right to which they were entitled.

The record does not show that any exception was taken by the appellants to the action of the court in depriving them of the right to a jury trial. We call attention to our present Rule 180, which is as follows:

"Exceptions to rulings or orders of Court are unnecessary whenever a matter has been called to the attention of the Court by objection, motion, or otherwise and the Court has ruled thereon."

Certainly appellants called to the attention of the court their demand for a jury trial and the court ruled thereon by denying the same. This was error on the part of the court and its action therein cannot be sustained.

It is our conclusion that the lower court erred in attempting to exercise equitable powers in the trial of the case, and further in refusing appellants' demand for a jury trial. Accordingly, the case is reversed and remanded.—Reversed and remanded.

All JUSTICES concur.