IMT INSURANCE COMPANY,
Plaintiff-Appellee,

v.

Jack D. ROBERTS, Elaine Roberts, and
Joel Allan Roberts,
Defendants-Appellees,

Gregory Paul Roberts, Jeffrey Dean Hawkins, Bernadine Hawkins, Poweshiek County, D & P Tavern, and Stop and Sip Tavern, Defendants,

Louis Kaplan, as Administrator of the Estate of Charles Edward Kaplan, Defendant-Appellant.

No. 85–1860.

Court of Appeals of Iowa.

Dec. 23, 1986.

Edward M. Blando and Aldean E. Kainz of Elderkin, Pirnie, Von Lackum & Elderkin, Cedar Rapids, for defendant-appellant.

Douglas R. Oelschlager and Robert D. Houghton of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for plaintiff-appellee IMT.

Bruce L. Braley and David J. Dutton of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for defendants-appellees Roberts.

Heard by SNELL, P.J., and SCHLEGEL and SACKETT, JJ.

SNELL, Presiding Judge.

The plaintiff in this declaratory judgment action, IMT Insurance Company, is the insurer on an insurance policy covering an automobile owned by Jack Roberts. The policy provides that IMT Insurance Company will pay damages arising out of any automobile accident for which a covered person becomes legally liable. The policy defines a "covered person" to be the named insured, Jack Roberts, or any family member. Excluded from the policy's coverage are persons using the automobile without a reasonable belief that the person is entitled to do so.

On July 10, 1982, Joel Roberts, son of the named insured, received permission from his mother to use the family car. Later that evening while driving the family car, Joel met his brother, Greg Roberts. Greg's license was under suspension at the time. Greg entered the car on the front passenger side. Also in the car at the time were Charles Kaplan and Jeff Hawkins. Joel drove Greg to a tavern where Greg had been earlier in the evening so that Greg could pick up a six-pack of beer he had won in a pool game. When Greg came back to the car, he requested that Joel move over so that Greg could drive. Joel eventually acquiesced. Greg drove the car to a gas station, filled the car with gas, and resumed driving. Later that evening the car, still driven by Greg, struck a bridge abutment. Charles Kaplan died as a result of injuries suffered in this collision.

IMT Insurance Company subsequently brought this action for declaratory judgment and supplemental relief requesting the district court to declare that (1) IMT is not required to provide a defense for Greg; (2) IMT is not required to pay on behalf of Greg, Joel, Elaine, or Jack Roberts any sums which any of them may become obligated by law to pay as a result of the collision; (3) pursuant to Iowa Code section 321.493 (1981) or otherwise under Iowa law, neither Jack, Elaine, nor Joel gave consent to Greg to drive the car; and (4) none of the named defendants may obtain payment from IMT under Iowa Code Chapter 516 for any damages judgment they may secure against Jack, Elaine, Joel, or Greg Roberts. Louis Kaplan, administrator of the estate of Charles Kaplan and a named defendant in IMT's declaratory judgment action, filed an answer to the petition, a counterclaim against IMT, and a cross-claim against Poweshiek County, Jack, Elaine, Greg, and Joel Roberts. On the same date the answer, counterclaim, and cross-claim were filed, Kaplan requested a jury trial on all issues.

IMT moved for separate trials on its declaratory judgment petition and the Kaplan claims. IMT also requested that the declaratory judgment action be tried to the court. The district court granted IMT's request and ordered the declaratory judgment action be tried separately and to the court. At trial, the district court found that IMT was not required to defend Greg; that IMT was not required to pay any sums for which Jack, Elaine, Greg, or Joel Roberts may become legally obligated to pay as a result of the collision; and that neither Jack, Elaine, nor Joel gave Greg consent to drive the car. This appeal followed, challenging these determinations.

The appellants initially contend that the district court erred in refusing to grant a jury trial in the declaratory judgment action notwithstanding their timely demand. IMT argues that the appellants waived jury trial by participating in the trial without objection or motion.

The right to a jury trial is not abridged merely because the action is one for declaratory judgment. Iowa R.Civ.P. 268. The parties in a declaratory judgment action are entitled to a trial by jury where the claim at issue is legal in nature. Annotation, *Jury Trial in Declaratory Relief Action*, 33 A.L.R.4th 146, 151 (1984); 22 Am. Jur.2d *Declaratory Judgments* § 95 (1965); *see Brammer v. Allied Mutual Insurance Company*, 182 N.W.2d 169, 172 (Iowa 1970). The legal or equitable nature of a declaratory judgment procedure is to be determined by the pleadings, the relief sought, and the nature of the case. *Brammer*, 182 N.W.2d at 172. If it is tried below without objection as at law or in equity, we treat it here as it was treated in the trial court. *Id.* Ordinarily, actions on contracts, such as an insurance policy, are treated as actions at law unless specific equitable issues are involved. *See Id.* at 172.

■ This case was dealt with in the district court as an ordinary proceeding at law. It was listed on the district court docket as at law. During trial, the district court ruled on objections made by counsel. Our courts have held that the court's ruling on objections is the litmus test for determining whether trial was by equitable or

ordinary proceedings. *Citizens Savings Bank v. Sac City Savings Bank*, 315 N.W.2d 20, 24 (Iowa 1982). Moreover, the issues involved in the declaratory judgment action are matters normally submitted to the jury. These issues included whether Jack, Elaine, or Joel Roberts gave Greg consent to drive the car and whether Greg was driving the car without a reasonable belief that he was entitled to do so. Our courts have said that the issue of consent is one which the average jury is peculiarly well-fitted to pass upon. *Schneberger v. Glenn*, 176 N.W.2d 782, 785 (Iowa 1970). We also think that whether under the circumstances of this case Greg had a reasonable belief that he was entitled to drive the car is a quintessential fact question for a jury. *Cf. Kvalheim v. Horace Mann Life Insurance Company*, 219 N.W.2d 533, 534 (Iowa 1974) (question of what constituted "common carrier" within life policy double indemnity provision was question of law for court, but whether circumstances brought case within such definition was question of fact for trier of fact). Accordingly, we think the appellants were entitled to a jury trial of this declaratory judgment action absent some compelling reason for its denial.

█ The district court ruled that IMT was entitled to a non-jury trial because "to compel the Plaintiffs to try their causes of action before a jury would unfairly and prejudicially inject into the lawsuit the question of insurance." While we agree that this is a sufficient reason for the district court to sever the declaratory judgment action from the Kaplan claims, Iowa R.Civ.P. 186, we think it insufficient to deny the appellants a jury in the declaratory judgment trial. In *Conrad v. Dorweiler*, 189 N.W.2d 537 (Iowa 1971), our supreme court dealt with an analogous situation in which an equitable action was answered by a legal counterclaim. In reversing the district court's denial of a jury trial on the counterclaim, our supreme court stated that "[w]hile the trial court has discretion in permitting split trials under rule 186, ..., we hold there must be some persuasive reason to deprive a party of his

right to a jury trial on law issues raised by counterclaim." *Id.* at 539. *See also Morningstar v. Myers*, 255 N.W.2d 159, 161 (Iowa 1977) (notwithstanding rules providing for splitting of issues for trial, right to trial by jury is to be preserved and should not be impaired except for compelling reasons). Similarly, in the present case, we think some persuasive or compelling reason must be advanced before the appellants can properly be denied the jury trial to which we have found them entitled. We do not find the district court's concern with prejudice to be such a reason. The issues in the declaratory judgment action all dealt with the extent of insurance coverage. Given this, we do not understand the district court's concern that a jury trial "would unfairly and prejudicially inject into the lawsuit the question of insurance." Insurance was the crux and core of the declaratory judgment action. Far from being "injected" into the lawsuit, insurance *was* the lawsuit, at least insofar as the declaratory judgment was concerned. For us to adopt the district court's reasoning would be to declare that in all future actions dealing with the issue of insurance coverage, the right to trial by jury may be dispensed with. This we decline to do.

█ Notwithstanding the appellants' right to a jury trial and their timely demand therefor, IMT contends that appellants waived that right by participating in the trial to the court without formal objection or exception. We do not agree.

Iowa Rule of Civil Procedure 180 provides that "[e]xceptions to rulings or orders of Court are unnecessary whenever a matter has been called to the attention of the Court, by objection, motion or otherwise and the Court has ruled thereon." In *Missildine v. Brightman*, 234 Iowa 1339, 14 N.W.2d 700 (1944), our supreme court was faced with a fact situation wherein a party filed a demand for a jury trial to which they were entitled. The trial court denied the demand and proceeded to try the case in equity. On appeal, our supreme court said that

The record does not show that any exception was taken by the appellants to the

action of the court in depriving them of the right to a jury trial. We call attention to our present rule 180, which is as follows: "Exceptions to rulings or orders of the court are unnecessary whenever a matter has been called to the attention of the court by objections, motion, or otherwise, and the court has ruled thereon." Certainly appellants called to the attention of the court their demand for a jury trial and the court ruled thereon by denying the same. This was error on the part of the court and its action therein cannot be sustained.

*Id.,* 234 Iowa at 1347, 14 N.W.2d at 705.

█ Similarly, in the present case appellants made a timely demand for a jury trial of all triable issues in this case, thus bringing the matter to the attention of the district court. The court ruled thereon by denying the request with respect to the declaratory judgment action. We think this reversible error. *See South Central Iowa Production Credit Association v. Scanlan,* 380 N.W.2d 699, 704 (Iowa 1986). Accordingly, we reverse the district court's denial of the appellants' right to a jury trial in the declaratory judgment action, vacate the balance of its findings, conclusions and judgment, and remand this case for a jury trial.

REVERSED IN PART, VACATED IN PART, AND REMANDED FOR JURY TRIAL.