# Theodore S. Parvin, plaintiff in error *vs.* Joseph J. Hoopes, defendant in error.

### *Error to Muscatine.*

Where judgment is rendered by default, on a note, it will be presumed that the court required proof of the signature unless the record shows to the contrary.

Where the note is payable at a given time "with ten per cent interest, if not paid when due," the interest is properly computable from the date of the note.

Where judgment is given by default on a note for the payment of money only, the court may direct the clerk to compute the interest, and assess the damages, by virtue of the 13th sec. of the Practice Act.

Action of assumpsit on a note, brought by the defendant against the plaintiff in error. The record states that at the November term 1842, the defendant made default, "and neither of the parties requiring a jury it is ordered that the clerk assess the damages, which being assessed at $106." Judgment was rendered accordingly.

To reverse this judgment Parvin assigns for error:

1. That after the defendant was defaulted no jury was called to hear the proof and assess the damages.

2. That after a default no proof of the execution of the instrument was given; the same being at the first term.

3. That judgment was entered on default without a writ of inquiry.

4. That judgment was given for more than was due on the note.

WOODWARD, for plaintiff in error.

LOWE & DESHLER, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The first point made in the assignment of errors, is that no jury was called to assess the damages after default taken. The action being brought on an instrument of writing for the payment of money, this objection was probably made without a reference to the 13th section of the practice act.

The second objection is, that the record contains nothing to show that the signature was proved. The law required such proof in cases like the present, before judgment was rendered. The court will be presumed to have done right in this respect, until the contrary is shown.

The third objection has been already sufficiently answered. The fourth and last is that judgment was rendered for too much.

The action was brought upon the following note:

"$100.                    "BLOOMINGTON, Iowa, April 9, 1842.
"Six months after date I promise to pay J. J. Hoopes, or order, one hundred dollars with ten per cent interest if not paid when due.
                         ("Signed) T. S. PARVIN."

The clerk computed the interest from date, whereas it is contended that such interest should only have been reckoned from the time the note became due. We think the computation was correct. The note evidently intends to give ten per cent interest from date if not paid when due. Whether this is not a penalty against which equity would relieve is a very different question from that presented by the case in its present aspect. Judgment affirmed.