## THOMPSON v. SAVAGE ET AL.

1. **Practice**: PRESUMPTION IN FAVOR OF RULING. The presumption will be entertained, in the absence of a showing to the contrary, that the action of the court below in sustaining a motion for default was correct.

2. ———: DEFAULT. A motion to set aside a default, if not accompanied by an affidavit of merit and a reasonable excuse for the default, will be overruled.

3. ———: ———. The affidavit will not be considered if, instead of accompanying the motion, it is not presented until after the latter is overruled.

*Appeal from Hamilton Circuit Court.*

MONDAY, JUNE 12.

ACTION to recover lands. Plaintiff's title is based upon a tax sale and deed. Defendants answered, denying the allegations of the petition, and also filed a cross bill averring that more than five years have elapsed since the execution of the tax deed, under which plaintiff claims the land which is now in his possession; that the tax deed is fraudulent and void, and that no taxes, whatever, were assessed and levied upon the land for the year in which the deed and tax proceedings show the delinquent taxes for which the land was sold. A default was entered against plaintiff for failure to answer the cross bill of defendants, and a motion to set aside the default

was overruled and a decree was entered, quieting the title in defandant, being the relief prayed for in the cross bill. Plaintiff appeals.

*Dosh Brothers & Carstine*, for appellant.

*Chase & Covil*, for appellees.

BECK, J.—I. The appellees filed an amended abstract, to which appellant makes certain objections, which need not be set out. The questions thus raised we will not pass upon, as we are of the opinion that, upon appellant's abstract, which will be alone considered, the decree of the Circuit Court must be affirmed.

II. The cross bill demanded an answer, for it alleges facts, other than those which can be regarded as putting in issue the allegation of plaintiff's petition, which entitled defendants to the affirmative relief prayed for in their petition.

III. The motion for the default is upon the ground that plaintiff failed to answer the cross bill within the time allowed

1. PRACTICE: presumption in favor of ruling.

by the court at a prior term. The motion was sustained, and we must presume, in support of the court's action, and in the absence of a showing to the contrary, that sufficient ground for the default was made to appear to the court below.

If the time for pleading had been extended, we must presume it had expired. If it had not been extended, as plaintiff insists, then he was in default for want of an answer, under Code, § 2636, which requires an answer of this kind to be filed at noon of the day following the filing of the pleading to which it responds, if filed in term.

IV. The motion to set aside the default was properly overruled, for the reason that no "affidavit of merit was filed and a reasonable excuse shown for having made such default," as required by Code, § 2871.

V. An affidavit appears in the abstract, which was probably suggested by this provision of the Code, but it was filed five days after the court overruled the motion. It is hardly necessary to remark that it cannot be regarded as a compliance

with the statute, which contemplates that the showing shall be made to the court prior to its decision, to the end that the question of the rights of the parties may be determined by the court. The affidavit required under this provision cannot be submitted after the court's decision.

AFFIRMED.