## HALE v. THE FIRST NATIONAL BANK ET AL.

1. **Judgment: NOTICE.** Where, in an action to set aside a judgment on the ground that it was rendered without service upon the defendant, the petition set out the decree, which recited that there had been service of notice, such finding was presumed to be correct, in the absence of proof to the contrary.

2. ———: AGREEMENT TO SELL. A contract to purchase a judgment for an agreed consideration does not give the party agreeing to purchase it such a property therein that he can incumber it, as between him and the party proposing to sell, and a third party purchasing the interest of the judgment creditor takes it free of any equities save those growing out of the original contract.

*Appeal from Washington District Court.*

THURSDAY, APRIL 24.

ACTION in equity to set aside a judgment recovered in the said court by A. T. Salter on the foreclosure of a mortgage executed by the plaintiff, and to have the mortgage and the indebtedness secured thereby declared satisfied. The bank,

claiming to have obtained all the rights of Salter, insisted upon the validity of the judgment as one *in rem*, and, conceding it was not personal, claimed the right to have it made so.

George H. Hale was, by proper pleading on the part of the bank, made a defendant, and certain relief was asked against him.

The relief asked by the plaintiff was refused, and that asked by the bank was in substance granted. The plaintiff appeals.

*H. & W. Schofield,* for appellant.

*McJunkin, Henderson & Jones,* for appellees.

SEEVERS, J.—I. The ground upon which it is sought to set aside the judgment is that notice of the pendency of the action was not served on or given the defendant therein and plaintiff in this.

1. JUDGMENT: notice.

The averments in the petition in relation to the service of notice are as follows:

"2. That there was no personal service of notice in said action, and no appearance of petitioner thereto, as shown by the records in said action, the same referred to above.

"3. That November 15, 1872, on the back of an original notice in said cause an affidavit was made in words and figures following:

" 'AFFIDAVIT.

" 'I. A. H. Patterson, one of the attorneys for the plaintiff in this cause, on my oath say that service of the within notice cannot be made on the defendant Wm. C. Hale in the State of Iowa, he not being a resident of said State.

" 'A. H. PATTERSON.

" 'Subscribed and sworn to before me by A. H. Patterson, November, 15, 1872.

" 'C. T. JONES, Clerk D. C.'

"4. · Which was filed, as shown by the records, in words following:

" 'Filed November 15, 1872.

" 'C. T. Jones, Clerk D. C.'

"5. That there was a publication of notice, as shown by the record, to which reference has been made, in which printed notice the note is described as for $125.00, instead of $12,500.00, as set out in the petition; and the affidavit of publication filed in said cause, appearing of record, is in words following:

"6. 'I, John Wiseman, on oath, say I am editor of the *Washington Gazette*, a newspaper published weekly in the city of Washington, Washington county, Iowa; that the original notice hereto attached was published four consecutive weeks in said paper, the first publication being November 1, 1872, the last November 22, 1872.

" 'John Wiseman.

" 'Subscribed and sworn to before me January 20, 1873. " 'A. H. Patterson, Notary Public.'

"7. Connected with which is the printed slip containing said notice as published, and the above and foregoing is all the record or showing with reference to the original notice or the service thereof.

"8. That from the foregoing the said court in said cause assumed jurisdiction over the mortgaged premises."

The answer admitted the foregoing allegations to be true, and no testimony was introduced in relation thereto. The judgment or decree was incorporated into and made a part of the petition, and it contained the following statement: "This cause came on to be heard, and, it appearing that the defendant was duly served with notice of the pendency of this cause, and he, being three times solemnly called, comes not, but wholly made default," etc.

The allegations of the petition are that there was no personal service of notice, and no appearance, and that the record shows there was a notice published, and that the record fails to show the service of any other notice, and that therefrom the court assumed jurisdiction of the mortgaged premises. All this is admitted by the answer, but nothing more.

It is not alleged in the petition in clear and distinct terms that no other notice was published, nor that the court did not have before it other evidence of service than is stated in the petition. No such matters are, therefore, admitted in the answer. It devolved on the plaintiff to allege and prove that no notice was served or published. Instead of doing this, the decree, which was a part of the petition, stated that the court found there had been service of notice. It must be presumed the court inquired and advisedly made the finding aforesaid. It is the duty of the court before entering a default, where there is no appearance, to inspect the record and determine whether notice has been given as required by law. Code, § 2870.

The fact that the record now fails to show any other evidence of service than above indicated does not meet the necessities of the case. The record may not be full and complete, or the evidence before the court, or a portion of it, may have been lost or mislaid. In short, the presumptions are all in favor of the finding of the court, and the party claiming the fact to be otherwise must allege and clearly prove such fact. *Woodbury v. Maguire*, 42 Iowa, 339, and authorities there cited; *Nash v. Church*, 10 Wis., 312; *Gimmel v. Rice*, 13 Minn., 40; *Boswell v. Sharp*, 15 Ohio, 447.

We do not determine what would be the rule if the petition had alleged no other notice than therein stated had been served, and the record, upon being introduced, had shown no other. No such case is before us.

II. The plaintiff and Salter owned jointly the "Hale ele-

vator mill property." The mortgage executed by plaintiff to
Salter, and which was foreclosed in 1873, was
on the undivided one-half of said property. In
1874 Salter and George H. Hale entered into a written contract
whereby it was agreed that the former had sold to the latter
the said property, and also the judgment against the plain-
tiff rendered on the foreclosure of said mortgage, amounting
to sixteen thousand five hundred and thirty-four dollars and
seventy-five cents, with interest at ten per cent from its ren-
dition, "and for the purpose of carrying out the above con-
ditions fully, Salter agreed to make, execute, acknowledge
and deliver into the hands of Messrs. Patterson & Rheinart,
as an escrow, a deed of release and quit-claim of the real
estate above described, and to execute, acknowledge and
deliver into the hands of the same parties a transfer of the
judgment heretofore recited, and all rights of action against
W. C. Hale upon the cause of action embraced in said action.
All of said instruments to be delivered by said Patterson &
Rheinart to George H. Hale, on his fully complying with the
covenants herein written and on his part to be performed."

Geoorge H. Hale agreed to pay for said property, rights
and credits seven thousand five hundred dollars. There was
two thousand dollars paid in cash, and the balance was to be
paid in three yearly payments.

What is called a supplementary contract was made after-
ward, but on the same day, between George H. Hale and Sal-
ter, as is claimed. This contract was not signed by Salter,
but by "Patterson & Rheinart," "A. T. Salter's attorneys."
We are unable to discover any authority Patterson & Rhein-
art had to execute said contract, and thereby bind Salter.
We doubt if it was so intended. But whether it was or not,
we are unable to see that it in any respect changes or affects
the rights of the parties.

George H. Hale took possession of the elevator property,
and, it is claimed, he and the plaintiff entered into a verbal
contract, whereby it was agreed the latter should work and

2. ——: agree-
ment to sell.

labor for one year for the former, and in consideration thereof George H. Hale agreed to satisfy the Salter judgment. The labor was performed. The estimated value thereof was one thousand dollars.

During the time the plaintiff was so laboring, or afterward, George H. Hale became indebted to the bank, and, as security therefor, he assigned to the bank the Salter contract and all rights he obtained thereunder. The two last amounts agreed to be paid Salter were unpaid, and the bank paid the same, and Salter conveyed the real estate directly to the bank, and assigned to it the said judgment and cause of action on which it was based. The bank had no notice of the alleged contract between the plaintiff and George H. Hale.

The plaintiff claims the bank took the judgment subject to the equities existing between the two Hales, and, therefore, he is entitled to have the judgment satisfied. On the other hand, it is claimed the bank succeeded to all the rights of Salter, and cannot be charged with such equities, and this latter view seems to us to be the correct one.

George H. Hale never in fact owned the judgment. He had simply made a contract to purchase the same, and only upon complying therewith would he become such owner. George H. Hale had no power to incumber the judgment as between him and Salter, and it must be presumed the bank so knew, and contracted accordingly. When it got Salter's title it stood in his shoes, and not in those of George H. Hale. The latter was a mere instrument the more readily to enable the bank to get Salter's title, and it was chargeable with the equities only between George H. Hale and Salter.

III. It is claimed the mortgagor, W. C. Hale, surrendered the possession of the premises to the mortgagee, and he is, therefore, entitled to rents and profits. No such claim is made in the petition. The testimony as to the value of the rents is exceedingly meager. The decree of the court makes no allusion thereto. We, therefore, are of the opinion

this point is made for the first time in this court. The case made in the petition is based on an entirely different theory. We are, therefore, not disposed to disturb the decree below in this respect.

AFFIRMED.