Kent v. Coquillard.

### KENT v. COQUILLARD.

1. **Practice in Supreme Court:** AMENDED ABSTRACT. Where appellee files an amended abstract, it will be taken as true, unless denied by appellant.

2. ——: PRESUMPTION IN FAVOR OF TRIAL COURT. Where the record as presented to this court shows that the trial court found that appellant was duly and legally served with process, it must be presumed, in in the absence of a showing to the contrary, that such finding was based on sufficient evidence.

*Appeal from Plymouth Circuit Court.*

FRIDAY, DECEMBER 11.

A JUDGMENT by default having been rendered in a foreclosure proceeding against defendant and others, he made a motion to set aside the judgment and for permission to defend, which was overruled. From the order overruling the motion the defendant appeals.

*Argo, Kelley & Augir* and *A. H. Lawrence,* for appellant.

*Rickel & Bull* and *Joy, Wright & Hudson,* for appellee.

BECK, CH. J.—I. Service of notice of the action was made upon defendant by publication. The motion to set aside

the judgment and for permission to defend is based upon the ground that the affidavit required by the Code, § 2618, does not comply with that provision. The affidavit shows that personal service cannot be made within the state upon all the defendants, but fails to state specifically that such service cannot be made upon defendant. The record shows that prior to the rendition of the judgment another affidavit was filed, substantially complying with the requirements of the section of the Code above cited. The first affidavit was not entered in the appearance docket as required by the Code, § 200.

II. Counsel for defendant insist that the judgment was rendered without jurisdiction, for the reason that there was no service of the notice as required by the statute. This position is based upon the ground that there was no affidavit, as required by the statute, which would authorize the publication of notice, and for the further reason that, as the first affidavit was not entered in the appearance docket, it cannot be regarded as having been filed in the case.

III. The plaintiff files an amended abstract for the purpose of setting out fully the judgment against defendant. It recites that the court found that all the defendants, naming appellant among the others, were "duly and legally served with notice," etc. This abstract is not denied by defendant. The defendant's abstract does not show that it contains all the records and evidence submitted to the court upon the trial. In the absence of a showing in the record to the contrary, we are required to presume that there was before the court sufficient evidence to justify the finding that defendant had been "duly and legally" served with process. *Hale v. First Nat. Bank*, 50 Iowa, 642.

We reach the conclusion that the judgment of the circuit court overruling defendant's motion ought to be sustained.

AFFIRMED.