H. WORNER, Appellant, v. A. ABRAHAM, Appellee.

**APPEAL AND ERROR:** Review—Presumptions—Testimony Not
1   Included in Abstract. Where the record presented on appeal includes no part of the evidence, it will be presumed that the testimony was such as to justify the submission of the issues to the jury with the instructions as given by the court.

**NEW TRIAL:** Discretion of Court—Conflicting Verdicts. Where
2   the jury, in an action on a dishonored check, returned a general verdict of $105.80, and also, in answer to a special interrogatory, stated that it awarded the defendant, as exemplary damages, the same amount, and each of these was signed by the

foreman, and there was no demand made by either party to have the jury sent back to the jury room, with instructions which would enable them to make their verdict free from doubt, the court, in ordering a new trial on its own motion, was within its discretion.

NEW TRIAL: Grounds in General—Inconsistent Special Finding. 3 In an action where the jury found for the plaintiff on the general verdict, and also made a special finding as to exemplary damages in favor of the defendant in the same amount, the plaintiff could not complain of the action of the trial court in granting a new trial, as the court, had it been required to enter judgment on the verdict as returned, could not have rejected the special finding, and the judgment must have been in favor of the defendant.

APPEAL AND ERROR:  Decisions Reviewable—Granting New Trial 4 —Abuse of Discretion Must Be Shown. The Supreme Court cannot interfere with the action of the lower court in granting a new trial, except where abuse of discretion is shown.

*Appeal from Worth District Court.*—C. H. KELLEY, Judge.

JULY 10, 1919.

ACTION to recover the amount of a dishonored bank check. Plaintiff also asked and procured a writ of attachment, to be issued and levied on defendant's property. Defendant denied indebtedness on the check, and counterclaimed for damages for the alleged wrongful attachment. There was a general verdict for plaintiff for $105.80, also a special finding awarding damages in favor of the defendant for $105. On motion of defendant, the court set aside the verdict and finding, and ordered a new trial. The plain-tiff appeals.—*Affirmed.*

*C. O. Gunderson,* and *Gorden & Osmundson,* for appellant.

*M. F. Kepler,* for appellee.

WEAVER, J.—The record presented by appellant's abstract includes no part of the evidence, and we must, there-

fore, presume that the testimony was such as to justify the submission of the issues to the jury, with the instructions given by the court. Under those instruc-

**1. APPEAL AND ERROR: review: presumptions: testimony not included in abstract.**

tions, they were authorized to find for the plaintiff for the amount of the check sued upon. They were also authorized to find that the attachment sued out by him was issued wrongfully, and in such case, the jury was informed that defendant would be entitled to recover his actual damages, if any, and that, if the attachment was malicious, as well as wrongful, it would then be proper

**2. NEW TRIAL: discretion of court: conflicting verdicts.**

to assess exemplary damages in defendant's favor.

With the instructions, the court submitted forms of verdict as follows:

"1. We, the jury, find for the plaintiff in the sum of $——. ————————, Foreman.

"2. We, the jury, find for the defendant in the sum of $——. ————————, Foreman.

"3. We, the jury, find for the defendant. ——————, Foreman.

"4. Interrogatory. What amount, if anything, do you award the defendant as exemplary damages? ——————, Foreman."

When returned into court, it appeared that the jury had used the forms we have marked 1 and 4, filled each with the same amount ($105.80), and had signed each by their foreman.

It would doubtless have been proper for the court to have called the jury's attention to this apparent confusion, and have sent them back to the jury room, with instructions which would enable them to make their verdict free from doubt. But as this was not done, and as no demand was made therefor by either party, the court was well within its discretion, acting even on its own motion, in order-

ing a new trial.  Of this, plaintiff is hardly in position to
complain; for, if the court had been requir-

**3. NEW TRIAL:**
grounds in
general: in-
consistent
special finding.

ed to enter judgment on the verdict as re-
turned, it could not, in our judgment, prop-
erly have ignored or rejected the special
finding, and the judgment must have been
in favor of defendant.

The rule by which this court refuses to interfere with
the action of the lower court in granting new trials, except
where abuse of discretion is shown, is too familiar for the
citation of authorities.  The rule is peculiar-

**4. APPEAL AND**
ERROR: deci-
sions review-
able: granting
new trial:
abuse of dis-
cretion must be
shown.

ly applicable where the record of the trial
is not before us.

The assignments of error are not well
taken, and the order appealed from is—*Af-
firmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.