ALLEN LYNCH, Appellant, v. JAMES A. POWERS, Appellee.

**JUDGMENT:** Default—Setting Aside—Finality of Order. An order in
1 municipal court overruling a motion to set aside a default becomes
an absolute finality if not attacked by some proper procedure *within
10 days after the entry of such order.*

**MOTIONS:** Repetition—Amendment After Adverse Ruling. Principle
2 reaffirmed that a party may not, as to the *same* matter, *repeat* an
overruled motion; nor may he, when met by an adverse ruling on his
motion, *allow the adverse order to stand,* and amend the grounds on
which the motion is based.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON,
Judge.

NOVEMBER 19, 1924.

DEFENDANT failed to appear at the time set for trial of the
cause in the municipal court, and judgment by default was en-
tered against him. A motion to set aside the default and judg-
ment was overruled. After the expiration of the time provided
by statute for the filing of motions to set aside defaults or vacate
orders in the municipal court, defendant moved for a rehearing,
and the default and judgment were set aside. Plaintiff appeals.
—*Reversed.*

*H. O. Vralsted,* for appellant.

*John T. Stark,* for appellee.

VERMILION, J.—This action comes to us on the certificate of
the trial judge, there being less than $100 involved. Section
4110, Code of 1897. The action was commenced in the municipal

1. JUDGMENT: de-
fault: setting
aside: finality
of order.

court of Des Moines, and the defendant seems
to have appeared originally *pro se.* At all
events, issue was joined, and the cause assigned
for trial on October 11, 1923, at 2 P. M. The defendant failed
to appear at the time set for trial. He was adjudged to be in

default; the plaintiff's evidence was heard; and judgment was rendered in his favor. Thereafter, on the same day, defendant filed an unverified motion to set aside the judgment, alleging as a reason for his nonappearance that he was a student at Drake University, and had work at school which he had to take care of. No affidavit of merits was filed. This motion was overruled on October 13th. On October 17th, the defendant filed an affidavit of merits, stating the facts of his alleged defense, and that press of duties at school prevented his appearance at the exact time set for the trial. He also at the same time filed a motion to amend his previous pleading or motion, and an answer setting up a defense to the plaintiff's claim. On November 17th, plaintiff filed a resistance to defendant's motion to amend; whereupon defendant filed a motion for a rehearing on his motion to set aside the judgment. On the same day, this motion for a rehearing was sustained, and defendant was permitted to present his amended motion to set aside the default and judgment, which was sustained. Thereafter, plaintiff moved to vacate the order last made, and for a rehearing on defendant's motion. This was overruled. The plaintiff appeals from the order sustaining defendant's motion to set aside the default and judgment. Appellee has filed no argument or brief in this court.

Section 694-c20, Supplemental Supplement to the Code, 1915, relating to municipal courts, provides as follows:

"All statutes governing the district court as to pleading and practice, parties, evidence, commencement of actions, jurisdiction, process, modes of trial, judgment, execution, attachment, garnishment, replevin and limitation of actions, shall apply to and govern the municipal court except when the same are inconsistent with the provisions of this act."

Section 694-c17 is, in part, as follows:

"Grounds for, and the practice governing the correction, vacation, or modification of final judgment or order of said court, and the granting of new trial, shall be the same, so far as may be, as in the district court; and the jurisdiction of said court shall be considered as retained by it for correction of errors of the court, or in the record, for a period of ten days following the entry of final judgment, except that execution may issue upon

the entry of final judgment unless stayed by order of court for a period not exceeding such ten days, or by appeal perfected by notice and supersedeas.''

Section 1, Chapter 75, of the Acts of the Thirty-seventh General Assembly, is an amendment to the last mentioned section, and is as follows:

''Default or judgment thereon may be set aside in the same manner and upon the same terms as is now or may hereafter be provided for setting aside defaults in the district court. Application therefor must be made within ten days from the day on which default or judgment was entered, providing, however, that within one year from the rendition of final judgment proceedings may be brought to reverse, vacate or modify the same, as provided in Chapter 1, Title XX, of the Code, for vacating or modifying final judgment or order of the district court.''

Section 3790 of the Code of 1897 provides:

''Default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made such default, nor unless application therefor is made at the term in which default was entered, or if entered in vacation, then on the first day of the succeeding term.''

From a consideration of these statutes it is plain that a motion to set aside a default and judgment or to vacate an order in the municipal court must be made within ten days from the entry of the judgment or order. That court has no fixed terms, but is in continuous session. Section 694-c17, supra. In view of this fact, the provision of the statute (Section 243, Code of 1897) giving authority to the district court to expunge any order or ruling at any time during the term at which it was made, upon cause shown or upon its own motion, if satisfied a mistake has been made or a wrong done (*Streeter v. Gleason,* 120 Iowa 703), cannot be literally applied, and the authority must be exercised within the statutory limitations applicable to municipal courts.

The motion as originally filed by appellee was properly overruled, because not accompanied by an affidavit of merits. The

statute so provides.  See, also, *Smith v. Watson*, 28 Iowa 218;

2. MOTIONS: repe-
tition: amend-
ment after ad-
verse ruling.

*McDonald v. Donaghue*, 30 Iowa 568; *King v. Stewart*, 48 Iowa 334.  It also failed, we think, to show a sufficient excuse for the failure of defendant to appear at the time set for trial; although we would be slow to interfere, on that ground alone, with the exercise of the discretion of the court in setting aside the default.  The subsequent filing of an affidavit of merits setting up the defense appellee claimed to have to the appellant's demand did not cure the defect in the motion previously ruled upon.  *Thompson v. Savage*, 43 Iowa 398.  It could not avail appellee to amend his motion after an adverse ruling.  *Bicklin v. Kendall*, 72 Iowa 490.  He could not file another motion to the same effect as the one overruled.  Section 3551, Code of 1897.  Nor could he be again heard on the merits of the original motion, unless the order previously made were set aside.  *Townsend v. Wisner*, 62 Iowa 672.

He took no steps to have set aside or vacated the order overruling his motion to set aside the default and judgment until more than ten days after the order was entered.  Conceding, only for the purposes of the case, that his motion then filed for a rehearing upon the original motion was a proper proceeding, it was not filed within the time allowed by Section 694-c17 for the correction, vacation, or modification of a final order in the municipal court, nor within the time allowed by the general statute (Section 3756, Code of 1897) for the filing of an application for a new trial.

While the granting of a new trial and the setting aside of a default are matters resting largely within the sound discretion of the court, and will not be interfered with unless an abuse of discretion is clearly shown, the provisions of the statute are not to be ignored, and one who seeks relief under them must bring himself within them.  We are constrained to say that the appellee did not do this in any particular.  His original motion was properly overruled because of a failure to file an affidavit of merits.  His motion for a rehearing was filed too late to serve as an application for a new trial, and after the municipal court

had lost jurisdiction, under the statute, to vacate its previous order or judgment upon motion.

The order appealed from must be and is—*Reversed.*

ARTHUR, C. J., and EVANS and STEVENS, JJ., concur.