A. E. MERKEL, Petitioner, v. FRANK B. HALLAGAN, Judge, Respondent.

DECEMBER 14, 1928.

*Brown, Brown & Harvey*, for petitioner.

EVANS, J.—On January 18, 1928, a judgment was entered in the municipal court of Des Moines in favor of the petitioner, as plaintiff, against one Sheppard, as defendant. On February 4, 1928, the presiding judge of said court entered in said cause the following order:

"The above judgment was procured by mistake, as the pleadings and record show that the last item of account was on February 24, 1919, more than five years prior to filing petition or serving of notice, and said judgment was by default. Wherefore said judgment is set aside, and garnishment herein is ordered released, and property garnished discharged."

The question presented is whether such court had jurisdiction or legal power to enter such order. Is the order itself invalid for want of jurisdiction to make the same?

The municipal court sits as in one continuous term. That is to say, there is no succession of terms, as is provided for district

courts. The jurisdiction of the court in any particular case terminates with the entry of final judgment, subject, however, to the provisions of Section 10681, Code of 1927. This is as follows:

"Sec. 10681. *Entry judgment—jurisdiction—setting aside default.* Judgments shall be rendered and entered upon the record in all cases within ten days after final submission of the cause, unless for good cause the court extends the time. The court shall retain jurisdiction, for the purpose of correction of errors of the court or in the record, for ten days after the entry of final judgment. Motions to set aside defaults may be made within ten days after the entry thereof. Motions to vacate a judgment or order, because of irregularity in obtaining it, must be made within ninety days from the entry thereof."

The order here challenged was not entered within ten days. There was no motion or petition by the defendant to set aside the judgment, nor any claim of irregularity in the manner of obtaining it. That the claim appeared on its face to be barred by the statute of limitations was evident. That fact had no effect upon the validity of the judgment. The defendant had an equal right to claim the protection of the statute of limitations or to waive it. It was incumbent upon him to raise the question either by demurrer or answer. There may have been facts available to the plaintiff in avoidance of the statute, if he had been required to meet the question. In any event, the judgment entered in default upon personal service was as conclusive as any other judgment. Jurisdiction to enter it was in no manner impeached by the fact that the bar of the statute could have been interposed as a defense.

If the judgment had been entered wholly without jurisdiction, and was void for such reason, then a different question would be presented. In such a case, the court might purge its record at any time upon discovery. Such is not this case. We must hold, therefore: (1) That the judgment was valid as entered; (2) that the order of February 4th, setting the same aside, was invalid for want of jurisdiction.

The order challenged is, accordingly,—*Annulled.*

All the justices concur.