G. S. ROUNDS, Appellee, v. LYDIA BUTLER, Appellant.

No. 39708.

NOVEMBER 12, 1929.

*Miller, Kelly, Shuttleworth & McManus,* for appellant.

*Korf & Korf* and *John J. Ferguson,* for appellee.

1392

MORLING, J.—There were pending in the court below at the same time three actions, brought by three separate plaintiffs, represented by the same counsel, against the same defendant, on three separate promissory notes, given, as it seems, by defendant to the several plaintiffs at the same time, under the same circumstances. Defendant answered in each of them, setting up identical defenses. The first action was tried and verdict directed in favor of the plaintiff at the April term. By consent, the two remaining actions were continued to the September term. In May, the court ordered the action now before us to be tried at the next term or dismissed for want of prosecution.. Plaintiff filed trial notice for the September term. At the September term, the assignment of cases for trial, including this one, was posted. This case was assigned for trial October 3d. At that time, plaintiff announced himself in readiness. Defendant's counsel was not present. Defendant was a juror for that term, as plaintiff's counsel knew. She was then present in the court room, though it does not appear that her presence was then known to the court or to plaintiff's counsel. Defendant says in her affidavit that she heard plaintiff's counsel mention the case, "but could not make out what was being said to the court, or what was being done in reference to the same, and did not know that any judgments were being entered against this affiant; and counsel did not advise the court of my presence in the court room, or if he did, I did not hear it, or I did not know what the talk was about, only that they were talking about the two cases referred to above." It is not claimed that counsel for defendant or defendant herself was called, or that any attempt was .made to ascertain whether they were intending to go on with the case. It appears that jurors were then in the room. No reason for not calling defendant or making inquiry whether the defendant intended to try the case appears. The court noted on his calendar: "Trial judgment on one promissory note and one verified account. See order." No order or judgment was then entered. Judgment entry was filed October 15th, and spread on the records November 7th. In the meantime, on October 4th, defendant's counsel was apprised of the proceeding, and on October 5th, moved, on affidavits, to set aside the judgment. Affidavit of defendant's counsel is that, upon the conclusion of the trial of the first case, he advised plaintiff's

counsel that that case would be appealed, and asked that the other two stand in abeyance until the Supreme Court decided the case appealed. He says:

"Counsel for the plaintiff did not agree to do that, but stated that they would think the matter over, and if they desired to bring on the other two cases for trial, they would advise this affiant, so that he would know of their final decision."

The affidavit states that counsel had no knowledge that the causes were in the assignment, or of any action taken in them, until the morning of October 4th. One of plaintiff's counsel made affidavit that no offer to let the untried cases follow the result of the one that was tried "was ever made to this affiant, and no such offer was ever agreed upon, nor was it suggested or agreed that the last two causes be held in abeyance until the former was finally determined." It does not appear whether or not this affiant was the counsel referred to in the affidavit of defendant's counsel. Plaintiff's counsel further deposes that, at the April term, he had notified defendant's counsel of the assignment, and defendant's counsel then stated that he already knew of it, "and counsel for the plaintiff presumed that he had local counsel advising him of the condition of the record." It is not claimed that local counsel, if any, were called, or knew of the assignment or of the call of the present case. Defendant further deposed (without contradiction) that the jury was dismissed on the morning of October 3d until the morning of October 5th, apparently because of a town home-coming program.

It is quite apparent that defendant's counsel was laboring under a misapprehension. The case is not one of default for non-appearance or want of answer. Defendant's answer was on file. One case involving the same issues had been tried. It is assumed in the record that that case had been appealed. The same judge before whom the first case was tried presided at the September term. The law favors determination of cases on their merits, and looks with disfavor on advantage taken of what manifestly must have been a misunderstanding of counsel. There was in fact no judgment when the motion was made. There was merely a calendar memorandum. On October 5th, the day when the jury was recalled, defendant was asking that the entry be set aside, and the case be tried. No good reason appears in

the record why the court should not have expunged its calendar entry and have proceeded with the trial of the case. On the facts before us, it is the opinion of this court that a proper exercise of the discretion of the district court required such expunging and proceeding to trial.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and GRIMM, JJ., concur.