Des Moines & Central Iowa Railroad, Petitioner, v. Ralph L. Powers, Judge, et al., Respondents.

No. 41556.

January 17, 1933.

Corwin R. Bennett, for petitioner.

C. H. Miller, for respondent.

Mitchell, J.—L. C. Smith commenced an action against the petitioner in 34 counts in the municipal court of the city of Des Moines. The petitioner filed an answer in said action, in a large number of divisions, containing a general denial of each count of the petition, alleging that some of the counts of said petition were barred by contract limitation, and pleading offsets to some of the counts of said petition, and containing other divisions pleading in

abatement that there were other actions pending on the causes of action alleged in some of the counts of the petition. Smith, the plaintiff in said action, filed in the municipal court a motion to strike, and for a more specific statement. This motion moved to strike the division of the answer pleading offsets to some of the counts of the petition, and moved that some of the divisions of the answer be made more specific. The municipal court sustained the motion to strike the offsets pleaded by the defendant (petitioner herein), and sustained the part of the motion requiring the defendant to make its answer more specific, and overruled the remainder of the motion.

On the 9th day of April, 1930, the railroad (the defendant in said action and petitioner herein) appealed, or rather, attempted to appeal, from the order striking the plea of the offsets. This appeal was dismissed by the Supreme Court on November 18, 1930 (Smith v. Des Moines & Central Iowa Railroad, 211 Iowa 223). After the notice of appeal was served, the railroad amended its answer to comply with the order of the court for a more specific statement. The issues were thereby made up on April 19, 1930, and the case lay undisturbed until October 14, 1930, when the court entered an order dismissing the case at plaintiff's costs for want of attention. Prior to the dismissal, a notice was published in the Des Moines Daily Record, daily for seven publications, which notice was entitled "Notice to attorneys and litigants," and was signed "Ralph L. Powers, Judge of the Assignment Division," giving notice that this case would be dismissed on October 14, 1930, unless disposed of with the approval of the assignment judge on or before that date. This was in accordance with the rules of the municipal court. Pursuant to that notice the case was dismissed, and the Des Moines Daily Record published an item on October 16, 1930, stating that the case had been dismissed.

The case continued to lie dormant in the municipal court until May 16, 1931, when the respondent Ralph L. Powers, a judge of the municipal court, entered an order setting aside the dismissal and reinstating the case. The order was entered by the court on its own motion, without any notice to the defendant railroad company; and the record shows that the defendant railroad company, or its attorneys, had no knowledge whatever of the order setting aside the dismissal until the 3d of May, 1932, almost a year later. The court,

in setting aside the dismissal, stated as a reason for setting aside the dismissal the following:

"It appearing to the court upon presentation of the files and records in this cause that, at the time the order of dismissal was entered herein, that said cause was pending on appeal in the Supreme Court, and, therefore, this court was without jurisdiction to enter said order of dismissal. Now, therefore, said order of dismissal is hereby set aside, and said cause is reinstated." ⁻

▪ The first question involved in this case is whether or not the municipal court had jurisdiction to enter the said order of dismissal, due to the fact that there was an appeal pending in the Supreme Court. The appeal involved only a part of the divisions of the answer, and these divisions of the answer applied only to a part of the counts of the petition. The order appealed from was to strike certain divisions of the answer, and this court, in its opinion in Smith v. Des Moines & Central Iowa Railroad, 211 Iowa 223, held:

"Upon the record before us, the order appealed from appears to have been purely interlocutory. The defendant made no election whether it would amend its pleading or stand upon it. Nor was judgment entered against it. So far as appears, the case is still pending in the trial court."

Whether the order was appealable or not did not take away the jurisdiction of the municipal court to dispose of the case, and especially of the counts of the petition and the divisions of the answer which were not involved in the appeal. The fact that an amendment to the answer was filed after the notice of appeal was served, showed that the railroad company did not regard the case as being out of the jurisdiction of the municipal court.

In the case of First National Bank v. Dutcher, 128 Iowa 413, the pleadings were finally settled, and before the trial was begun, the plaintiff moved to have the cause set down for trial as an equitable action. This motion was overruled, and the plaintiff appealed from said order and filed supersedeas bond. In the decision of this court, at page 425, we said:

"This it is said deprived the court of jurisdiction to proceed with the trial to a jury, and the judgment rendered upon the verdict is therefore void. The order appealed from was self-executing, re-

quiring no writ or process of any kind to carry it into effect. There was nothing to supersede by the giving of a bond, and the filing of such an instrument could have no effect to deprive the court of jurisdiction to proceed with the trial. See second paragraph of the opinion in Allen v. Church, 101 Iowa 123. To hold otherwise, and say that by appealing from an interlocutory ruling a party may deprive the trial court of jurisdiction to take any further step in the case until in the slow course of appellate procedure it is remanded, only to begin another round through the appellate tribunal from the next adverse ruling, would be to deprive courts of the power to administer substantial justice and prolong litigation until Jarndyce v. Jarndyce would cease to be any exaggeration of the law's delay."

In the case of Boynton v. Church, 148 Iowa 197, this court said:

"An appeal does not operate to stay proceedings on the judgment appealed from, save upon the execution of a supersedeas bond."

The case of Northwestern Trading Co. v. Western Live Stock Ins. Co., 180 Iowa 878, was an appeal from an order overruling a motion to require the plaintiff to divide its petition into counts and to make its petition more specific. In that case the court said:

"In our opinion, appeal lies from the overruling of a motion to make petition more specific. But we are not determining what effect appeal from such ruling is to have on the trial of the cause. That will have to be controlled by the action of the trial court on a determination of whether the motion is frivolous, and it may proceed with the trial unless stayed by order of this court."

And so in the case at bar, the order appealed from was purely interlocutory; there was no supersedeas, no stay order entered, no attempt at supersedeas. The railroad company filed an answer after the notice of appeal had been served. The municipal court had jurisdiction to dispose of the case, and did act within that jurisdiction in dismissing the case for want of attention, and the reason given for setting aside the dismissal was entirely without weight.

The municipal court, therefore, having jurisdiction to dismiss the case of Smith v. Des Moines & Central Iowa Railroad, the question arises whether it had jurisdiction to enter the order of May 16, 1931, setting aside the dismissal and reinstating the case. This order was entered more than seven months after the dismissal, and

without any notice to the attorneys or the parties interested, and on motion of the court.

Code Section 10681 governs the jurisdiction of municipal courts in matters of this kind. Said section is as follows:

"Judgments shall be rendered and entered upon the record in all cases within ten days after final submission of the cause, unless for good cause the court extends the time. The court shall retain jurisdiction, for the purpose of correction of errors of the court or in the record, for ten days after the entry of final judgment. Motions to set aside defaults may be made within ten days after the entry thereof. Motions to vacate a judgment or order, because of irregularity in obtaining it, must be made within ninety days from the entry thereof."

The order of dismissal was entered on the 14th day of October, 1930, and the order setting aside the dismissal was entered on May 16, 1931, or more than seven months after the dismissal was entered. The order of dismissal was entered without any notice whatever to the petitioner in this case. It was entered on the court's own motion, and the record shows that the petitioner had no knowledge that the order was entered until a year after the order had been entered.

This court, in the case of Des Moines Union R. Co. v. District Court, 170 Iowa 568, at page 571, said:

"* * * we think it a well-settled proposition in this state that when a trial court, acting within its proper jurisdiction, has entered judgment dismissing an action, the case is to be treated as having been finally disposed of, and such judgment cannot be vacated and the action reinstated for trial without notice to the defendant. And this is especially true if the term at which the judgment of dismissal is entered is allowed to pass without any application to vacate it."

In Lynch v. Powers, 198 Iowa 1060, at 1062, we said:

"From a consideration of these statutes it is plain that a motion to set aside a default and judgment or to vacate an order in the municipal court must be made within ten days from the entry of the judgment or order. That court has no fixed terms, but is in continuous session. Section 694-c17. In view of this fact, the provision of the statute (Section 243, Code of 1897) giving authority to the

district court to expunge any order or ruling at any time during the term at which it was made, upon cause shown or upon its own motion, if satisfied a mistake has been made or a wrong done (Streeter v. Gleason, 120 Iowa 703), cannot be literally applied, and the authority must be exercised within the statutory limitations applicable to municipal courts."

In the case of Merkel v. Hallagan, 207 Iowa 153, a judgment was entered by the municipal court on the 18th day of January. On February 4th following, the court entered an order setting aside the judgment. On certiorari proceedings it was held by this court that there was no jurisdiction to enter the order setting aside the judgment, and it was annulled. In deciding the question, we said:

"The order here challenged was not entered within ten days. There was no motion or petition by the defendant to set aside the judgment, nor any claim of irregularity in the manner of obtaining it. * * * In any event, the judgment entered in default upon personal service was as conclusive as any other judgment. Jurisdiction to enter it was in no manner impeached by the fact that the bar of the statute could have been interposed as a defense."

The municipal court, ten days after the order of dismissal was entered, lost its jurisdiction to proceed in any way in the case except upon notice to the defendant; and ninety days after the entry of the order it lost jurisdiction to proceed upon motion. The order challenged here was entered more than seven months after the order dismissing the case at plaintiff's costs. It was entered without any notice whatever to the petitioner, and was entered on the court's motion. The municipal court had jurisdiction to enter the order of dismissal entered on October 14, 1930, and was therefore without jurisdiction to set aside the dismissal and reinstate the case by the order of May 16, 1931.

It is therefore ordered that the writ of certiorari be sustained, and the order made by the municipal court vacating the order of dismissal be, and the same is hereby, annulled.—Writ sustained; order annulled.

KINDIG, C. J., and EVANS, STEVENS, ALBERT, ANDERSON, DONEGAN, and KINTZINGER, JJ., concur.