MRS. HATTIE C. LA FORGE, Appellant, v. HON. C. S. COOTER, Judge, Municipal Court, Respondent; WILLIAM PRATT, Appellee.

No. 43220.

James McLennan, for appellant.

C. B. Hextell, for respondent and appellee.

HAMILTON, J.—The original suit, wherein Mrs. Hattie C. La Forge was plaintiff and William Pratt defendant, was a suit on an account for rent. Verified petition signed by James Mc-Lennan, attorney for plaintiff, was filed February 27, 1934, in the municipal court of the city of Des Moines. Verified answer, denying indebtedness in any sum, and denying the existence of an agreement or lease covering the time for which rent was claimed by plaintiff, and asking that plaintiff's petition be dismissed at her costs, signed by C. B. Hextell, attorney for defendant, was filed March 23, 1934. No further proceedings were had in said case until March 2, 1935, when judgment was entered by default for the full amount of plaintiff's claim. Some time prior to the entry of said judgment, the exact date of which is not shown by the record, an order of court was made by Hon. Don G. Allen, one of the judges of said court, to the effect that the case would be *dismissed unless appearance was made by counsel*, which order was published in the Des Moines Daily Record.

On May 13, 1935, the defendant, William Pratt, by his attorney, C. B. Hextell, filed a petition to vacate said judgment and for injunction, wherein it was alleged that this case had been placed in the municipal court assignment for trial several times and for some reason the case was not tried, and was later,

by oral agreement between counsel for plaintiff and defendant, taken out of the assignment with the alleged understanding that when plaintiff's counsel was ready to try the case he would notify counsel for defendant; that the case was a jury case, and was never placed in the jury assignment thereafter; that because of said agreement with counsel, and by reason of the failure of plaintiff to notify counsel for defendant before judgment was entered, a fraud had been perpetrated upon the defendant; said petition asking and praying that the default and judgment be vacated and the defendant be given an opportunity to defend, and for injunction against levy and sale on execution. This petition is supported by affidavit of merits, signed by the defendant, and by affidavit of C. B. Hextell, attorney for defendant.

Notice of the filing of said petition and of the hearing thereon was served upon plaintiff. Resistance in writing, duly verified and signed by plaintiff's attorney, was filed June 20, 1935, in which it is stated that the court was without jurisdiction to reinstate said cause, inasmuch as ninety days had elapsed since the date said default and judgment was entered, which resistance contains a denial of the alleged oral agreement between the attorneys and in which it is averred that if said agreement were true, it would not be a sufficient statement of facts to constitute fraud, sufficient to allow said default and judgment to be set aside.

On the 2d day of August, 1935, said default and judgment was set aside and the case reinstated by Hon. C. S. Cooter, judge of said municipal court. The question to be determined under this record is, Did Judge Cooter, in setting aside said judgment and reinstating said case, act beyond his jurisdiction or illegally?

 By section 10664 of the Code of 1931, all provisions of law relating to the district court and the judges and jurors thereof, shall, in so far as applicable, and when not inconsistent with this chapter ·(chapter 475), apply to the municipal court and the judges thereof. It must be borne in mind at the outset that the judgment in this case was not entered by default for want of a pleading. The answer was on file. It was a law action, and either party was entitled to a jury trial upon demand therefor. Section 10678 of the Code. The amount in controversy here was more than $100, and therefore came within class A under the provisions of section 10666, classifying actions in the

municipal court. The record before us does not show that a jury trial was demanded. Section 10678 provides:

"Demand for trial by jury may be made as provided by rule of court, and if not so made, the cause shall be tried by the court."

What the rule of the municipal court with reference to such matter may be is not shown by the record in this case, and in the absence of such showing, if the case was regularly in the assignment for trial, regularity of the action of Judge Allen in entering judgment would be presumed. Worner v. Abraham, 186 Iowa 1276, 173 N. W. 134; Kent v. Coquillard, 67 Iowa 500, 25 N. W. 749; Garner v. Pomroy, 11 Iowa 149; Humphreys v. Darlington, 3 G. Greene, 588; Parvin v. Hoopes, 1 Morris, 294; Hawkins v. Rice, 40 Iowa 435.

The judgment entered by the court against the defendant is not set out in the abstract of record; the only statement in the abstract being "that thereafter and on or about the second day of March, 1935, judgment was entered for the full amount of plaintiff's claim." There is no showing that the case was regularly in the assignment for trial at the time judgment was entered against the defendant. In the resistance filed by plaintiff to the petition to set aside and vacate the judgment, we find this allegation:

"That on the 2d day of March, 1935, an order of court was made by the Hon. Don Allen, one of the judges of this court, which order was published in the Des Moines Daily Record, and to the effect that this case among others would be DISMISSED *unless appearance was made by counsel.*"

A dismissal would not harm the defendant. His answer was on file and the case was thus ready for assignment for trial. Judge Cooter vacated the judgment and reinstated the case. It is the contention of the plaintiff that the action of Judge Cooter was illegal for the reason that he had no authority to set aside this judgment after the expiration of 90 days, under the provisions of section 10681 of the Code.

■ ■ ■ Section 10681 provides that "motions to set aside defaults may be made within ten days after the entry thereof. Motions to vacate a judgment or order, because of irregularity in obtaining it, must be made within ninety days from the entry

thereof.'' In a municipal court there are no terms. The court is required by statute to be open for business twelve months of the year. Section 10663. Therefore, the provisions of the statute, section 11589 of the Code, with reference to setting aside defaults, requiring application therefor to be made at the term in which the default was entered, have no application. This court has quite consistently held that in the procedure in a municipal court, in the matter of setting aside defaults, the provisions of section 10681 must be complied with. See Merkel v. Hallagan, 207 Iowa 153, 222 N. W. 393; Harding v. Quinlan, 209 Iowa 1190, 229 N. W. 672; Lynch v. Powers, 198 Iowa 1060, 200 N. W. 725; Des Moines & Cent. I. R. R. v. Powers, 215 Iowa 567, 246 N. W. 274. In all of these cases where the writ was sustained, there was no answer on file, and the order setting aside the default was on motion, without notice, or on the court's own motion.

 It is the contention of the respondent and appellee that the municipal court had no jurisdiction to enter the judgment by default for the reason that the defendant had answered and the case was at issue, but was not assigned for trial, and counsel cites and relies on section 10664 of the Code, which makes the general provisions of the statute applicable to municipal court actions unless inconsistent with the provisions of chapter 475, relating to municipal courts. He also cites Code section 11587, being the general statute relating to defaults, and contends that where answer has been filed in due time, as in this case, and has not been stricken or withdrawn, the court is without jurisdiction to enter judgment by default, and for this reason, and the alleged fraud of the attorney, defendant is entitled to have the default set aside and the judgment vacated.

It has been held by this court that judgment by default should not be entered while an answer is on file. See Arbuckle v. Bowman, 6 Iowa, page 70; Key v. Hayden, 13 Iowa 602; Douglass v. Langdon & Bros., 29 Iowa 245. When the record shows an answer on file as in this case, and it is also shown by the admission of the plaintiff in his written resistance on file, that the only assignment of the case made was for dismissal unless counsel appeared and gave attention to the case, the presumption of regularity in favor of the court's action in entering judgment against the defendant cannot apply. It was not up to the defendant to insist on the case being put in the assign-

ment for trial, nor to object to the dismissal thereof. When an answer is on file, no default can be entered for want of a plea, and certainly no default can be entered for want of an appearance until the case is regularly assigned or comes on for hearing in accordance with the rules of the court.

In the case of Fox v. Nolan, 165 Iowa 302, 145 N. W. 491, 492, there was a default for want of appearance when the case was regularly reached for hearing, and the court said:

"The third assignment charges error in entering default against appellant when answer was on file. Technically the appellant was not in default, as she had answered. But, applying the term more broadly, there was no action taken by her for the further assertion of her rights, and, when the cause came regularly on to be heard, the plaintiff was entitled to a trial. The entry of the trial court is entitled 'default and judgment.' It recites the failure of the defendant Mary A. Nolan to appear in person and by counsel. Suit was upon promissory notes, the signatures to which were not denied. Upon introduction in evidence they were sufficient to warrant judgment against the makers. The record entry recites the fact that hearing was upon the evidence, and that the judgment was based upon it. It might have been silent as to the fact that default was entered against Mary A. Nolan, and yet in its recitations contain all that was needed to be shown to justify the trial court in entering judgment against appellant."

It is therefore clear that the original judgment cannot be sustained as a default judgment because of the presence at all times of the defendant's answer, and the same can only be defended on the theory that the case was in the assignment for trial or came up regularly to be heard under the rules of the court, of which the defendant was required to take notice, and, failing to appear, the plaintiff was entitled to have his case tried and to prove it up and take judgment. The statement in this record is not that the case was put in the assignment for trial, but for *dismissal*.

■■■ The appellant attempts to supply what appears to be an omission by including in his abstract a copy of his petition for the writ of certiorari, wherein he states that Judge Allen's order contained the statement, "when called for trial such cases will be *tried, dismissed or default entered.*" Appellee has filed

motion to strike all that part of the abstract purporting to be a copy of the petition for the writ, and such motion is good and the same should be, and is, sustained. In support of this ruling, see Crosby v. Clock, 208 Iowa 472, at page 478, 225 N. W. 954.

■■■ In none of the cases relied upon by appellant was there an answer on file. In all of said cases the action of the court in setting aside the default judgment was either on the court's own motion or without notice to the plaintiff, and after the expiration of the period provided by section 10681 of the Code. We have a different situation in this case. Appellee in this action did not proceed by motion to set aside the default, which, under the provisions of said section 10681, must be within 10 days from the time default is entered. Neither is he proceeding by motion to vacate the judgment because of irregularity in obtaining it, which, under said section, he is required to do within 90 days. On the contrary, this is a petition brought under chapter 552 of the Code (section 12787 et seq.) to vacate and set aside a judgment on one of the grounds enumerated in said chapter; namely, fraud practiced in obtaining said judgment. The petition was filed within 90 days from the time the original judgment was entered, but notice thereof was not regularly served on the plaintiff until after the 90-day period had expired. The limitation within which a petition may be filed such as the appellee filed in this case, is one year, and it must be based upon some of the grounds enumerated in section 12787. The petition should conform to section 12792 of the Code, and the proof should meet the requirements of section 12796. No answer is required. There is no specific provision in chapter 475 (section 10642 et seq.) relating to municipal courts covering a situation such as we have here; namely, fraud practiced in obtaining a judgment.

In the case of Iowa W. & P. Co. v. Burris, 178 Iowa 1369, 161 N. W. 23, this court upheld the action of the lower court in setting aside a default matter after the term at which the default was taken. In that case there was an answer on file, and the court said:

"We are of the opinion, however, that the statute so cited does not cover the case with which we have here to deal, and that it was within the power and authority of the court, even at a subsequent term, to consider the question whether the defendant was actually in default. If upon such inquiry the court found

that defendant was improperly declared to be in default when in fact he was not, and that he moved to set aside promptly on discovering the entry which had been made against him, the court was well within its jurisdiction in setting it aside. The restriction, requiring that a motion to set aside a default must be made at the same term, applies only when the party against whom it is entered is actually in default. In such case, the setting aside of the default is an act of grace or favor to be granted only upon showing of sufficient excuse for the party's failure to appear or plead, and it is not unjust that he be required to move within the term. But where he is not in fact in default and such entry has been mistakenly or wrongfully made against him in his absence, and he acts promptly on being informed thereof, it would work a gross miscarriage of justice to hold that he may not be relieved from the effect of the erroneous order so made to his prejudice." (Citing cases)

See, also, as bearing generally on this subject, McMillan v. Osterson, 191 Iowa 983, 183 N. W. 487.

Courts should, and do, favor the trial of cases upon their merits. Barto v. Sioux City Elec. Co., 119 Iowa 179, 93 N. W. 268; Rounds v. Butler, 208 Iowa 1391, 227 N. W. 417; Clarke v. Smith, 195 Iowa 1299, 192 N. W. 136; Reilley v. Kinkead, 181 Iowa 615, 165 N. W. 80.

Not only did the defendant have an answer on file in this case, but he sets out in his petition, which is supported by affidavit of his attorney, that the attorneys had an oral agreement that the defendant's counsel was to be notified by counsel for appellant when this case was reached. Such agreements have been by this court recognized, under certain circumstances, as justifiable excuse or grounds for setting aside a default judgment. In the case of Rounds v. Butler, 208 Iowa 1391, 1393, 227 N. W. 417, 418, this court said:

"It is quite apparent that defendant's counsel was laboring under a misapprehension. The case is not one of default for nonappearance or want of answer. Defendant's answer was on file. * * * The law favors determination of cases on their merits, and looks with disfavor on advantage taken of what manifestly must have been a misunderstanding of counsel."

See, also, First National Bank of Newton v. Federal Re-

serve Bank of Chicago, 210 Iowa 521, 231 N. W. 453, 69 A. L. R. 1329.

Counsel for appellant asserts that there was no hearing on the petition to vacate and set aside the judgment; that no evidence was introduced. The abstract does not purport to contain all the record, and there is no presumption that the entire record is shown by the abstract under such circumstances. The record does state "evidence was taken before me in this case on the second day of March, 1935." There is evidently a mistake in this date, and March should be August, as the order setting aside the former judgment was made on August 2, not on March 2; but we have to take the record as we find it. Disregarding the date, it shows that evidence was taken. Furthermore, there is a presumption in favor of the regularity of the order of the court where the record does not purport to contain all the evidence and proceedings of the trial court. Worner v. Abraham, supra. The certificate to the abstract in this case simply states: "That the foregoing abstract is true and correct and presents all of the record necessary for a hearing," etc. The record in this case is far from being satisfactory. Perhaps this is due to the condition of the record in the trial court. We are compelled to determine the case on the record of the lower court in passing on a matter of this kind.

Having reached the conclusion that the action of Judge Cooter in setting aside and vacating the prior judgment was neither without the jurisdiction of the court nor illegal, the writ of certiorari is denied.—Writ annulled.

MITCHELL, ANDERSON, DONEGAN, and PARSONS, JJ., concur.